UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*X

KAVON DENZEL FORD

, Plaintiff

-Against-

C O M P L A I N T.

2018 MAR 27  AM 10: 19

# 18 CV 2695

BLUESTEM BRANDS INC.

, Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*X

To the Court :


        The Plaintiff, KAVON DENZEL FORD hereinafter
"Plaintiff" proceeding Pro-Se presents to the Court and alleges t
the folowing:

1. That Plaintiff, KAVON DENZEL FORD, is over the age of eighteen,
   is of sound mind, have had attained the age of majority and
   fully competent to state the matters set forth herein.

2. That the Plaintiff, KAVON DENZEL FORD, is currently being
   detained at The AUBURN CORRECTIONAL FACILITY located at
   135 State St. AUBURN New York, 13024. The Plaintiff's Department
   I.D # 15A2891.

3. That the Defendant BLUESTEM BRANDS INC. at all times were and is
   an online retailer selling products and doing business as and
   or bearing the trademark FINGERHUT with its principal place of
   business located at : 7075 Flying Cloud Drive, Eden Prarie
   Minnesota 55344.

4. That this complaint is brought for a redress of grievance for
   multiple violations of the Fair Debt Collection Practices Act,
   Violation of The Telephone Consumer Protection Act and for Debt
   Validation Fidelity Bond No.113910001

5. That Venue and Jurisdiction is proper pursuant to [28 U.S.C sec.
   1331, 1337, 1345], [15 U.S.C sec.1692k[ and other applicable law.

6. That this suit is brought within any relevant statute of limitation.


S T A T E M E N T   O F   C L A I M .


7. That Defendant BLUESTEM BRANDS INC. for all purposes uses the United States Postal Service to regularly collect debts owed to it by its consumers and clients in connection with its business.

8. That Defendant BLUESTEM BRANDS INC. violated the Fair Debt Collection Practices Act in violation of [15 U.S.C sec.1692g(b)]. 

9. That Defendant BLUESTEM BRANDS INC. violated  the Fair Debt collection Practices Act in violation of [15 U.S.C sec.1692e (8)].

10. That Defendant BLUESTEM BRANDS INC. violated the Fair Debt collection Practices Act in violation of [15 U.S.C sec.1692e (10)].

11. That BLUESTEM BRANDS INC. violated the Fair Debt collection Practices Act in violation of [15 U.S.C sec.1692f (1)].

12. That BLUESTEM BRANDS INC. violated the Fair Debt collection Practices Act in violation of [15 U.S.C sec.1692c[.

13. That BLUESTEM BRANDS INC. violated the Fair Debt Collection Practices Act in violation of [15 U.S.C sec.1692d (5) & (6).]

14 That BLUESTEM BRANDS INC. violated the Telephone Consumer Protection Act by conduct in violation of [47 U.S.C sec.227(e)(1)].

15. That Defendant BLUESTEM BRANDS INC. breached a duty of good faith as implied or otherwise by law from the circumstances and or dealings of the parties.

16. That Defendant BLUESTEM BRANDS INC. is under a statutory duty and obligation codified at [15 U.S.C sec.1692g] to respond to and perform a debt validation request by persons entitled thereto requesting such and has breached that duty and obligation.

17. That Defendant BLUESTEM BRANDS INC. is under a moral and ethical
    duty to respond to and perform a Debt validation request by
    persons entitled thereto requesting such and has breached such
    duty and obligation.

18. That Defendant BLUESTEM BRANDS INC. was served a Debt Validation
    Fidelity Bond No.113910001 in connection with an alleged Debt
    requesting a Debt validation, proof of claim, containing a
    disclosure statement, offer of performance and Certified
    promissory note no.113910001. (See Exhibit A)

19. That Defendant BLUESTEM BRANDS INC. was served a Debt Validation
    Fidelity Bond No.113910001 in connection with an alledged Debt
    requesting a Debt validation, containing a NOTICE OF SECURITY
    AGREEMENT.

20. That Defendant BLUESTEM BRANDS INC. has accepted such offer
    contained in the Debt Validation Fidelity Bond no.113910001
    by failing to respond while obligated to respond giving a
    tacit acceptance by silence taken as acquiescence.

21. That Defendant BLUESTEM BRANDS INC. has accepted the terms of
    Debt Validation Fidelity Bond No.113910001 by failing to
    respond while under a duty to respond, inconsistent with
    honest dealings giving a tacit acceptance and admission as
    silence constituted acquiescence under the bond terms.

22. That Defendant BLUESTEM BRANDS INC. has accepted the terms of
    Debt Validation Fidelity Bond No.113910001 and failed to perform
    according to its terms and is now in default. (See Exhibit A)
    (See Exhibit B) (See Exhibit C) (See Exhibit D).

23. That Defendant BLUESTEM BRANDS INC. has accepted the Debt
    Validation Fidelity bond which contains adequate consideration
    establishing a Valid contract.

24. That Defendant BLUESTEM BRANDS INC. has defaulted on  the
    Debt Validation Fidelity Bond No.113910001 constituting the
    effect of accord and satisfaction and or a complete compromise
    and settlement. (See Exhibit A) (See Exhibit B,C, & D).

25. That Defendant BLUESTEM BRANDS INC. has continued to collect
    on on invalid Debt after receipt of the request for Debt
    validation per Debt Validation Fidelity bond No.113910001
    and oral request in violation of the bond Terms including but
    not limited to the F.D.C.P.A [15 U.S.C sec.1692g] and failed
    to perform and validate the alleged debt as under a statutory
    and Moral Obligation to do so and continued to report

negative infomation to credit bureas failing to report that
the subject alleged debt is disputed. (See pgs. 16-19 Of
debt validation fidelity bond No.113910001 at Exhibit A),
(See also Exhibit A).

26. That Defendant BLUESTEM BRANDS INC. was served a NOTICE OF
KNOWLEDGE OF CONTRACT ESTOPPEL, FAULT AND OPPOURTUNITY TO
PERFORM IN REQEST FOR DEBT VALIDATION in connection to Debt
Validation Fidelity Bond No.113910001 providing defendant an
oppooutunity to cure such fault and perform under the bond terms.
(See Exhibit B)

27. That Defendant BLUESTEM BRANDS INC. has failed to validete the
alleged debt after given a 120 day grace period and NOTICE OF
FAULT, but only sent Plaintiff a statement of account, unsigned,
and in violation of the Bond terms. (See Exhibit B)

28. That Defendant BLUESTEM BRANDS INC. was served an additional
NOTICE OF DEFAULT proviving an oppourtunity for complete
performance/ debt validation in accordance with the Bond terms
or payment in full of the Bond amount. (See Exhibit C).

29. That Defendant BLUESTEM BRANDS INC. was served an addittional
NOTICE OF DEFAULT and failed to perform in accordance to the
bond terms   (See Exhibit D)

30. That Defendant BLUESTEM BRANDS INC. has cancelled the item
order on 1/20/2017 one day after the account opening
eliminating the possibility of an exchange, notifying KAVON
FORD of the cancellation by letter dated 1/20/2017 ref # F9050.
(See Exhibit A at fifth page)

31. That Defendant BLUESTEM BRANDS INC has failed to comply with Debt
Validation Fidelity Bond No.113910001 at No.1 with documentary
evidence providing for the receipt of an ordered item given in
consideration of the exstension of credit to plaintiff after the
item was  cancelled on 1/20/2017.

32. That Defendant BLUESTEM BRANDS INC. cannot and has not validated
the alleged Debt by proving that plaintiff has received an item
in consideration of the exstension of credit and refuses to
address the possibility of an administrative error and or Postal
liability in bad faith and in violation of The Bond terms.

33. That Defendant BLUESTEM BRANDS INC. has accepted the offer of
performance, has not rejected the offer of performance, has
not objected regarding the mode of offer, constituting a tacit
admission and agreement the Defendant has no lawful BonaFide

claim, and a tacit acceptamce of such offer of performance
under the special circumstances indicated by silence or silent
acquiescence and or its ommissions and non-performance of the
Bond terms as under a statutory and moral duty to comply.

34. That BLUESTEM BRANDS INC. has not presented or demonstrated a
proper performance in accordance with the terms of the offer
of performance in at no.3 (c),(e), No.4, No.5, No.7 & No.8.
constituting a tacit admission and agreement that defendant has
not lawful, bonafide claim in accordance with the terms of the
bond due to Defendants obligation to validate the alleged debt
and failure to do so.

35. That Defendant BLUESTEM BRANDS INC. has not completed the Debt
Collector Disclosure Statement  in accordance with the Debt
Validation Fidelity Bond no.113910001 to ensure verification
of debt in accordance with [15 U.S.C sec.1692g], constituting
tacit admission and agreement that defendant has no lawful
Bonafide verifiable claim in accordance with the Bond terms.

36. That Defendant BLUESTEM BRANDS INC. has recieved a tender of
payment from KAVON FORD in the form of a certified promissory note
No.113910001 constituting tender of payment [N.Y ucc sec3-604]
, and defendant has no lawful bonafide claim, has not refused
the mode of tender with an implied acceptance, tacit acceptance
and acceptance in general. ( See Exhibit A)

37. That defendant BLUESTEM BRANDS INC. has not presented Certified
Promissory Note No.113910001 within its expiration date and made
no request for an exstension of time with good cause shown,
tacitly consenting and agreeing that defendant has no lawful,
BonaFide claim , verifiable claim and is in default of
Debt Validation Fidelity Bond No. 113910001 and promissory note
No.113910001 terms confessing judgement.

38. That Defendnat BLUESTEM BRANDS INC. has either sold the certified
propmissory note no.113910001, it has either been destroyed,
altered, lost, materially altered, or damaged which triggers
discharge. [N.U UCC sec.3-603]

39. That Defendant BLUESTEM BRANDS INC. is in default of Debt '
Validation Fidelity Bond No.113910001 containing adequate
considergation which it has accepted and tacitly agrees to a
confessed judgement and tacitly admitts implied under the
circumstances that défendant has no lawful bonafide claim,
waives any and all claims against plaintiff and incurred the
obligation of all payment in the sum of that certain amount
of $ 150,000.00 (one hundred and fifty thousand dollars)
per the terms of the Bond.

40. That Defendant BLUESTEM BRANDS INC. is bound by the terms of
    the NOTICE OF SECURITY AGREEMENT due to its default on Debt
    Validation Fidelity Bond No.113910001 as obligated on the bond
    in the amount of $ 150,000.00 (One hundred and fifty thousand
    dollars).

41. That Defendant BLUESTEM BRANDS INC. response to the Debt Validation
    BOND signifies acceptance of its terms creating a valid contract
    and defendant has defaulted on its obligation.

42. That Defendant BLUESTEM BRANDS INC. has been mailed an affidavit
    of Default and has not rebutted point by point accepting the
    contentions and claims as true and is now in default. (See
    Exhibit E)

                S T A T E M E N T   O F   F A C T S.

43. That on the date of 1/19/2017 Plaintiff has caused an online
    account to open at BLUESTEM BRANDS INC's FINGERHUT website with
    a credit line of $300 (three hundred dollars) and made an order.

44. That on the date of 1/20/2017 BLUESTEM BRANDS INC by way of its
    FINGERHUT trademark has caused a letter to be sent to
    plaintiff informing him that the order made has been cancelled
    due to not being able to confirm the payment or address
    information. (See Pg.5 of Exhibit A)

45. That Plaintiff has never received the item ordered .

46. That Plaintiff has received a text message dated 2/21/17 by
    BLUESTEM BRANDS INC's FINGERHUT in an collection attempt to
    receive payment on the cancelled item order plaintiff never
    received. ( see pg.1 of exhibit A)

47. That on the date of 2/24/2017 at approximately 8:17 am Plaintiff
    has spoken with a representative of the FINGERHUT collections
    Department who identified herself as [Veronica-017844] in which
    Plaintiff put her on notice of non-receipt of the cancelled
    item order and misrepresentation of the alleged debt. The repre-
    sentative stated a notation entered on the record of plaintiff's
    collection dispute. The employee refused to disclose her full
    name, plaintiff required all communication by mail.
    (See Pg.1 at No.2 of Exhibit A)

48. That Plaintiff has been receiving harrassing calls from BLUESTEM
    BRANDS INC.'s FINGERHUT as an unknown caller every day sometimes
    twice a day (some of which is documented) dispite plaintiff's

prior dispute and request for a debt validation and request
for all furthe communication by mail. (see pg.s 8-15 of
Exhibit A).

49. That on the date of 3/15/2017 at approximately 9:00 am Plaintiff
has received a phone call from BLUESTE BRANDS INC.'s
FINGERHUT then returened the call at 9:01 am initiating  14 min
long conversation with a representative informing the
collections department of the 2/21/2017 dispute and the 2/24/2017
communication in detail, employee identified as [Seng-RmF009347]
; the employee identified refused to disclose his name in full,
Plaintiff then notified the employee of the issuance of Debt
Validation Fidelity Bond no.113910001 and all communication further
by mail and to stop harrassing him for payment.

(See pg.2 at no.4 of exhibit A).

50. That BLUESTEM BRANDS INC.'s FINGERHUT has continued to call
Plaintiff despite multiple disputes and request to communicate
by mail. (See pg. 8-15 of Debt Validation Fidelity Bond at
Exhibit A)

51. That on the date of April 13th, 2017 KAVON FORD has caused a
Debt Validation Fidelity Bond No.113910001 to be served on BLUESTEM
BRANDS INC. requesting a Debt validation, proof of claim,
containing a disclosure statement, offer of performance,
tendering a certified promissory note No.113910001, sent
certified mail no.7016 2070 0001 0909 9380, return receipt requested.
(See Exhibit A)

52. That BLUESTEM BRANDS INC has failed to resp$\frac{1}{2}$ond and perform in
accordance with the terms of  The Debt validation Fidelity Bond
No.113910001, including but not limited to the FDCPA
[15 U.S.C sec.1692g] and applicable portions of the Truth in
lending act within a 120 (One hunfred and twenty day grace period)
grace period given to ensure a proper response in good faith.
(See Exhibit A), (See Exhibit B).

53. That BLUESTEM BRANDS INC. has continued to collect on an invalid
Debt after receipt of the request for debt validation per Debt
Validation Fidelity Bond No.113910001 in violation of the bond terms
including but not limited to the FDCPA [15 U.S.C sec.1692g]
and failed to perform and validate the alleged debt,.
(See exhibit A), (See exhibit B)

54. That on the date of September 11th, 2017 KAVON FORD has caused to
be served on BLUESTEM BRANDS INC a NOTICE OF KNOWLEDGE OF
CONTRACT ESTOPPEL, FAULT AND OPPOURTUNITY TO CURE AND PERFORM IN
REQUEST FOR DEBT VALIDATION in connection with DEBT validation
Fidelity Bond No.113910001 providing an oppourtunity to cure such

such fault, sent certified mail no.7016 2710 0000 2005 8535,
return receipt requested, in good faith. ( See Exhibit A).

55. That on the date of september 29th, 2017 BLUESTEM BRANDS INC.
    issued a letter purporting to be a response to a request for a
    debt Validation to KAVON FORD stating that the account was
    opened online by order placement and the application process
    was processed online. The letter contained an enclosed
    statement of account bearing no signature with ref #4521,
    issued in non-compliance with the terms of bond no.113910001
    at No.11,.12,.13,.14,& .15, constituting tacit admission that
    BLUESTEM BRANDS INC has no lawful Bonafide, verifiable claim
    and tacitly agrees to compensate KAVON FORD for all costs, fees
    , exspenses, federal violations and damages incurred in the sum
    certein amount of $ 150,000.00 (One Hundred and Fifty Thousand
    dollars). *(See Exhibit C)

56. That on the date of October 4th, 2017 KAVON FORD has caused a
    NOTICE OF DEFAULT to be served on BLUESTEM BRANDS INC.
    providing a complete performance/validation in accordance with
    to the bond terms or payment in full of the bond amount to cure
    default in good faith, (See Exhibit C).

57. That BLUESTEM BRANDS INC. has not sent any correspondence in
    reference to a NOTICE OF DEFAULT OR A DEBT VALIDATION FIDELITY
    BOND and KAVON FORD has not received no response..

58. That on the date of Nov. 1st, 2017, KAVON FORD has caused a
    NOTICE OF DEFAULT to be served on BLUESTEM BRANDS INC.
    providing a notice of default on Debt validation Fidelity Bond
    No.113910001, execution of security agreement and an oppourtunity
    to cure such default by performance and or payment in full of the
    bond amount issued in good faith. (see exhibit D)

59. That on the date of Nov. 13th, 2017 BLUESTEM BRANDS INC has
    caused to be served on KAVON FORD a letter acknowledging the
    NOTICE OF FAULT, NOTICES OF DEFAULT, and additional NOTICES of
    DEFAULT sent in connection with DE$BT VALIDATION FIDELITY BOND
    No.11390001, BLUESTEM BRANDS INC ensured that responses were
    issued in connection with the correspondence of KAVON FORD's
    two previous notices. (See Exhibit D)

60. That on the date of Nov. 13th, 2017 bluestem brands INC has caused a
    letter to be sent to KAVON FORD providing a statement of account and a
    statement copies contrary to the provisions of DEBT VALIDATION
    FIDELITY BOND no.113910001 at No.12, constituting tacit admission
    , confession and agreement that BLUESTEM BRANDS INC. has no
    lawful Bonafide, verfiable claim. ( See Exhibit D)

61. That on the date of Nov.13th, 2017 BLUESTEM BRANDS INC. has caused
to be served on KAVON FORD a letter sent alledging KAVON
FORD'S denial of the authorizing of the credit application
matching his personal information and referring the matter to
the fraud department of its FINGERHUT trademark contrary to
Debt Validation Fidelity Bond at No.7,..9,.& 14. (See Exhibit D).

62. That BLUESTEM BRANDS INC. by its letter dated Nov. 13th, 2017
has misrepresented the alleged debt by way of a false
statement being that KAVON FORD never stated that he did or
did not authorize the credit application and the letter also
misrepresented the character of the alleged debt as fraud and
the letter was not signed and made by affidavit, affirmation
, oath ordeposition to assure good faith in statements of party,
in non-compliance with the provisions of Debt Validation
Fidelity Bond No.113910001. (See Exhibit D).

63. That BLUESTEM BRANDS INC. has cancelled the item order on 1/20/17
one day after the account opening eliminating the possibility
of an exchange, notifying KAVON FORD by letter dated 1/20/17
The letter notified KAVON FORD of the cancellation of the order
with ref # F9050. (See 5th Pg. of Exhibit A)

64. That BLUESTEM BRANDS INC has failed to address Debt Validation
Fidelity Bond in a substaintial manner and at No.1 with
documentary evidence providing for receipt of an item given
in consideration of the exstension of credit after the item order
was cancelled on 1/20/17.

65. That BLUESTEM BRANDS INC. has not proven and cannot prove that
KAVON FORD has received an item ordered in consideration of an
exstension of credit and refuses to address the possibility
of an administrative error and or postal liability associated
in Bad Faith.

66. That BLUESTEM BRANDS INC. has accepted the offer of performance,
has not rejected the offer of performance, or objected regarding
the mode of offer, constituting a tacit acceptance of such
offer of performance indicated by silence or silent acquiescence
and agreement and has failed to perform.

67. That BLUERSTEM BRANDS INC. has not presented or demonstarated
a proper performance in accordance with the terms of offer of
performance at No.3 (c),(e),.4,.5,.7, & .8, constituting a
tacit admission and agreement that BLUESTEM BRANDS INC has
no lawful Bonafide, verifiable claim, waives any and all claims
against KAVON FORD, and must compensate KAVON FORD for all costs
, fees, damages, and violations of federal law incurred in the
sum certain amount of $ 150,000.00 (One Hundred and Fifty
Thousand dollars).

68. That BLUESTEM BRANDS INC. has not completed the Debt Collector
disclosure stATEMENT IN ACCORDANCE WITH DEBT VALIDATION FIDELITY
BOND NO.113910001 to ensure verification of the alleged debt in
accordance with [15 U.S.C sec.1692g], constituting tacit
admission and agreement that BLUESTEM BRANDS INC. has no lawful,
Bonafide, verifiable claim, waives any and all claims against
KAVON FORD and indemnifies and holds harmless KAVON FORD against
any and all costs, fees, and damages hereto and hereafter incurred.


69. That BLUESTEM BRANDS INC has received a tender in the form of a
certified promissory note no.113910001 constituting tender of
payment form KAVON FORD [N.Y UCC sec.3-604], and BLUESTEM
BRANDS INC. has not refused the mode of tender with an tacit
and impled acceptance. ( See Exhibit A)


70. That BLUESTEM BRANDS INC. has not presented the Certified promissory
note no.113910001 for payment within its expiration date and made
no request for an exstension of time with good cause shown
, tacitly consenting and agreeing that BLUESTEM BRANDS INC.
has no lawful Bonafide, verifiable claim and is in default of
the Debt Validation Fidelity Bond No.113910001 confessing a
Judgement.


71. That the certified promissory note no.113910001 has been either
sold, altered, materially altered, damaged,or converted
which triggers discharge [ N.Y UCC sec.3-603 ].


72. That by reason of the foregoing BLUESTEM BRANDS INC. is in default
and tacitly consents and agrees to a confessed Judgement and
tacitly admitts as implied under the special circumstances and
is given actual and constructive notice thereof.
(See Exhibit E)


C A U S E   O F   A C T I O N
and as for the First Cause of Action Plaintiff restates and
reiterates numbers "1" through "72"


73. That Defendant BLUESTEM BRANDS INC. by its conduct violated
the Fair Debt Collection Practices Act at [15 U.S.C sec.1692g(b)].
(See complaint at No.8,.18,.25 & 43-54).


74. That Defendant BLUESTEM BRANDS INC by its conduct violated
The Fair Debt Collection Practices Act at [15 U.S.C sec.1692e(8)].
(See complaint at No.9,.18,.25 & 43-53).


75. That Defendant BLUESTEM BRANDS INC. by its conduct violated
The Fair Debt Collection Practices Act at [15 U.S.C sec.1692e(10)].
(See complaint at No.61-65).

76. That Defendant BLUESTEM BRANDS INC. by its conduct violated
The Fair Debt Collection Practices Act at [15 U.S.C sec.1692f(1)].

77. That Defendant BLUESTEM BRANDS INC. violated the Fair Debt
Collection Practices Act by its conduct in violation of
[15 U.S.C sce.1692c] (See complaint at No.47-50)

78. That Defendant BLUESTEM BRANDSV INC violated the Fair Debt
Collection Practices Act by its conduct in violation
of [15 U.S.C sec.1692d(5)&(6)]. (See Complaint at No.47-50)

79. That Defendnet BLUESTEM BRANDS INC. violated the Telephone
Consumer Protection Act by conduct in violation of
[ 47 U.S.C sec.227(a)(1) ],.(See pg. 8-15 of Exhibit A)

80. That BLUESTEM BRANDS INC breached a duty of good faith, a Moral
and statutory obligation codified aT [15 U.S.C sec.1692g]
by its conduct. (see complaint at no.7-72 ).


C A U S E   O F   A C T I O N
and as for a Second cause of Action Plaintiff restates and
reiterates numbers "1" through "80"


81. That Defendant BLUESTEM BRANDS INC. are bound by the terms of
Debt Validation Fidelity Bond no.113910001 and is now in default
which is evidenced properly for execution of the bond's security
agreement.

82. That Defendant BLUESTEM BRANDS INC. by reason of the foregoing has
caused  the Plaintiff, mental anguish, stress, deppression, and
has his credit score negatively impacted by credit bureaus
causing plaintiff to be unable to secure lines of credit for
personal matters including have had his business credit impacted
by his personal credit score causiong the denial of funding
solutions for business affairs, have been making harrassing calls
to plaintiff causing stress and mental anguish and deppression..

83. That by reason of the foregoing Plaintiff seeks nominal damages
in the amount of $ 7,000.00 (Seven Thousand dollars).

84. That by reason of the  foregoing Plaintiff seeks punitive
damages in the amount of $ 7,000.00 (Seven Thousand dollars).

85. That by reason of the foregoing Plaintiff seeks permanent damages in the amount of $ 5,000.00 (Five Thousand dollars)

86. That by reason of the foregoing Plaintiff seeks statutory damages for each violation of the law, Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

87. That by reason of the foregoin Plaintiff seeks compensatory damages in the amount of $ 25,000.00 (Twenty Five thousand dollars).

88. That by reason of the foregoing Plaintiff seeks discretionary dmages for mental anguish, stress, and deppression in the amount of $ 5,000.00 (Five Thousand dollars)

89. That by reason of the foregoing Plaintiff seeks moratory damages in the amount of $ 5,000.00 (Five Thousand dollars)

WHEREFORE, Plaintiff seeks damages in the amount of $ 82,000.00 (Eighty Two Thousand dollars) and for the Court to enter default Judgement on the Debt Validation Fidelity Bond No.113910001 in favor of Plaintiff and for other euitable relief as this Court May Deem Just and Proper.

Date : 3/ 10/ 2018

KAVON FORD Pro-Se

ALL RIGHTS RESERVED.

PLAINTIFF'S CERTIFICATIONS AND
WARNINGS.

PLEASE TAKE NOTICE that Plaintiff attaches the original Bond to this
complaint referenced as exhibits, the original Bond attached to this
complaint is a security instrument and is intended to be
deposited into the Court as such under [F.R.C.P Rule.67] upon
the submission of this action. In order to satisfy Paper work
reduction such original Bond shall be copied and uploaded in
electronic format into the docket with the complaint and the original
instrument is intended for deposit into the Court pending this
action. PLEASE TAKE NOTICE that this certification and warning
shall be and serve as a motion for such deposit in accordance with
[F.R.C.P Rule.67] requiring a Court order directing the deposit..

By signing below, I certify to the best of my knowledge, information
and belief that: (1) the complaint is not being presented for an
improper purpose (such as to harass, cause unnecessary delay, or
needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to
change existing law; (3) the factual basis/contentions have
evidentiary support or, if specifically so identified, will likely
have evidentiaryu support after a reasonable oppourtunity for
further investigation or discovery; and (4) the complaint otherwise
complies with the requirements of Federal Rules Of Civil Procedure
11.

I understand that if I file three or more cases while I am a Prisoner
that are dismissed as frivolous, malicious, or for failure to state a
claim, I may be denied in forma pauperis status in future cases.

I also understand that prisoners must exhaust administrative
procedures before filing an action in federal court about prison
conditions, 42 U.S.C sec.1997e(a), and that my case may be
dismissed of I have not exhausted administrative remedies as required.

I also agree to provide the Clerk's Office with any changes to my
address. I understand that my failure to keep a current address on
file with the Clerk's office may result in the dismissal of my
case.

This is also a request for marshall service whenever applicable
I have good reason to beleieve that prison authorities at the
correctional facility are tampering with my outgoing and incoming
legal mail causing unreasonable delay and otherwise fraud.

Dated:   3/10/ 2017                          KAVON FORD   Pro Se

                                             ALL RIGHTS RESERVED.
AUBURN CORRECTIONAL FACILITY
135 State st
Auburn, New York 13024
                    Date on which Iam delivering this
                    complaint : 3/10/ 2017

EXHIBIT

A

EXHIBIT

A

P.G. 2

```
                                          *
                                          *
                                          *
                                          *
STATE OF NEW YORK                         *
            Ss:                           *
COUNTY OF WESTCHESTER                     *    _____
                                               _____
```
*THE ABOVE SPACE FOR FILING OFFICE USE ONLY*

N THE MATTER OF,
*KAVON DENZEL  FORD*

### DEBT VALIDATION FIDELITY BOND
*ACCT #* 6369-9210-6122-1486

-AND-

**$ 150,000 U.S.D** (One Hundred and Fifty thousand dollars)
**AND IN EQUAL CREDITS**

BLUESTEM BRANDS INC D/B/A FINGERHUT
& WEBBANK

**Jointly and severally Debt collector**

**ALL MEN KNOWN BY THESE PRESENTS**

For all purposes BLUESTEM BRANDS INC D/B/A FINGERHUT and WEBBANK uses the United States Post Office/USPS to regularly collect debts owed to it by consumers and clients in connection with its business.

**Re: Debt Collector's statement of account, dated: 01/20/2017**
**TEXT MESSAGE DATED: 02/21/2017 and 03/21/2017**
**Statement of account Dated: 03/27/2017**

SUBJECT:      *DEBT VALIDATION FIDELITY BOND*

1.  Be it known by these presents that KAVON FORD, is in receipt of Debt Collector's above-referenced presentments, a true and correct copy of which is attached herewith, made fully part hereof, and included herein by reference. KAVON FORD has NOT received the item ordered and has received a notification of the order cancellation. (see attached)

2.  Be it known that on the date of 02/24/2017, 8:17 am, KAVON FORD has spoken with a representative of the collections department who identified herself as: [ Veronica-017844 ] in which KAVON FORD put her on notice of non-receipt, cancellation of the item order and misrepresentation of the alleged debt. The representative stated a notation entered on record of the collection dispute. Employee refused to disclose full name, KAVON FORD required all further communication by mail. (refer customer call log)



7016 2070 0001 0909 9380

DVF.BOND NO.113910001

P.G___2___

*
*
*
*

3. Be it known that after dispute notation KAVON FORD has not received any technical support to resolve the matter only harassing calls every day twice a day, some of which is recorded. (see attached)

4. Be it known that KAVON FORD has received a call on March 15th, 2017 9:00 am returned the call at 9:01 am initiating a 14 min conversation with a representative informing the collections department of the 02/21/2017 dispute in detail, employee identified as: [seng-RMF009347] refused to disclose full name. KAVON FORD notified employee of the issuance of this BOND within forty five days of the call date. (see attached)

5. The status of the debt is misrepresented, the original balance of the account on the cancelled order was 274.98 for the exact amount of the unreceived item, but the current account balance is $346.96 this is over the amount of the unreceived cancelled item order. This misrepresented alleged debt is currently being reported negatively in KAVON FORD'S credit file causing damages. (see attached).

6. Be it known that debt collector has not complied with [ 15 USC 1692g(a) and has not sent KAVON FORD a written notice containing- **(1)** the amount of the debt; **(2)** the name of the creditor to whom the debt is owed; **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. As in receipt of letter dated 03/27/2017-618FH, this letter shall not be treated as an initial communication in connection with debt collection for purposes of the Fair Debt Collection Practices Act. (see attached)

7. KAVON FORD hereby gives Debt Collector Notice that this written communication is not a refusal to pay the alleged debt implied by Presentment, but constitutes express, written notice that:(a) The above-referenced alleged debt is not valid; **(b)** Debt Collector's claim is disputed; **(c)** KAVON FORD takes issue with the amount of alleged debt claimed; and that **(d)** Upon receipt of this Notice, Debt Collector must cease all collection activity regarding the alleged account/debt until KAVON FORD is sent the herein-requested verification as required by the Fair Debt Collection Practices Act.

8. **Tender of Payment**, KAVON FORD, without waiver of any defense, and for the purpose of resolving this matter in good faith, hereby tenders payment in the form of a Certified Promissory Note, accompanied by Offer of Performance, both of which are attached herewith, made fully part hereof, and included herein by reference, for the purpose of settling the alleged debt as


7016 2070 0001 0909 9380

DVF.BOND NO.113910001

P.G <u>3</u>

\*
\*
\*
\*

stated within Debt Collector's above-referenced Presentment upon compliance with the terms and conditions of this Bond.

9. KAVON FORD retains original of Debt Collector's Presentment as proof KAVON FORD has not dishonored Debt Collector's Presentment, nor in any way acted in bad faith.

10. KAVON FORD gives Debt Collector Notice that, in accordance with law as codified at **[15 USC §1692g(b)]:** "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

11. Be advised that "verification" is defined (in Black's Law Dictionary, Sixth Edition) as follows: "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition. Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statements of party."

12. Debt Collector is further Noticed that this is not a request by KAVON FORD for a photocopy of any invoice, statement, bill, summary, and the like and that any future communication received by KAVON FORD from Debt Collector, in written as well as any other form, absent the above-cited requisite "verification of the debt," irrespective of the inclusion of any photocopy of any related invoice, statement, bill, summary, agreement, and the like, constitutes Debt Collector's tacit admission, confession, and agreement that Debt Collector has no lawful, bona fide, verifiable claim re the alleged account.

13. KAVON FORD also includes with this written communication, "Debt Collector Disclosure Statement," for the purpose of ensuring that Debt Collector's "verification of the debt" is executed in accordance with law as codified at **[15 USC§1692(g)]**, and must be completed in full by Debt Collector and received by KAVON FORD within Thirty days (30) days of Debt Collector's receipt of this written communication.
Notice of Reservation of Right to Initiate a Counterclaim and File a Claim against this Bond.

14. If Debt Collector, such as by commission, omission, and otherwise: **(a)**Fails to give KAVON FORD full disclosure re the nature and cause of Debt Collector's claim concerning the herein above-referenced alleged debt;**(b)**Makes a false representation of the character of the hereinabove-referenced alleged debt;**(c)** Makes a false representation of the legal status of the hereinabove-



7016 2070 0001 0909 9380

DVF.BOND NO.113910001

P.G  4

\*
\*
\*
\*

referenced alleged debt;**(d)** Makes any threat of action that cannot legally be taken, in violation of any applicable law, such as the law codified at the Fair Debt Collection Practices Act, KAVON FORD may initiate a counterclaim/claim against this bond of Debt Collector, as well as the bond of any principal, agent, assignee, and the like, of Debt Collector, whose acts/omissions result in KAVON FORD sustaining any tort injury.

15. Debt Collector is also hereby given notice that: **(a)** Debt Collector's unsubstantiated demands for payment, a "scheme or artifice" "Caused to be delivered by mail," may constitute Mail Fraud under State and Federal Laws (Debt Collector may wish to consult with competent legal counsel before originating any further communication with KAVON FORD); and **(b)** Debt Collector's failure to provide KAVON FORD with the requisite verification, validating the above-referenced alleged debt within the requirements of law as codified in the Fair Debt Collection Practices Act and the corresponding laws of each state, signifies that Debt Collector tacitly agrees that: **(i)** Debt Collector has no lawful, bona fide, verifiable claim re the above-referenced alleged account; **(ii)** Debt Collector waives any and all claims against KAVON FORD; and **(iii)** Debt Collector tacitly agrees that Debt Collector will compensate KAVON FORD for all costs, fees and expenses incurred in defending against this and any and all continued collection attempts re the above-referenced alleged account including but not limited to actual and punitive damages in the fixed amount of **$ 150,000.00 U.S.D (One Hundred and fifty thousand dollars)**

16. This is also an attempt to determine the nature and basis of a case/counterclaim against Debt Collector, and any information contained within Debt Collector Disclosure Statement, as well as any information obtained otherwise, such as by Debt Collector's commissions, omissions, and the like, will be used for that purpose.

**PLEASE SEND ALL CORRESPONDENCE CERTIFIED MAIL RETURN RECIPT TO ADDRESS BELOW**

Enclosures

Offer statement/offer of Performance

Certified Promissory Note

Verification of Tender of Payment,

Notice of security agreement

Debt Collector Disclosure Statement

*KAVON DENZEL FORD*
*100 Riverdale Ave Suite*
*12-L Yonkers, N.Y 10701*

KAVON DENZEL FORD

By: _____
AUTHORIZED SIGNATURE

**ALL RIGHTS RESERVED**

**EXECUTED:** *April 12th* / 2017

7016 2070 0001 0909 9380

DVF.BOND NO.113910001



266011831100

# FiNGERHUT

6250 Ridgewood Road
St. Cloud, MN 56303

Date:  01/20/2017

KAVON FORD                    1183
100 RIVERDALE AVE APT 12-L
YONKERS NY 10701-4619

RE:  I56712163
"Acer Chromebook 11.6"" HD
2GB"

Dear Fingerhut Customer,

Thank you for your recent order. We are unable to confirm either the payment or address information that you gave us, and therefore have cancelled the order. We check this information carefully for the protection of all our customers.

If you have additional or correct payment or address information for us, please send it to us at the address above, attention: Credit Services.

If you have other questions, please contact us at 320-654-3888, Monday-Friday, 7:30 AM-5:00 PM Central Time. Thanks for being a Fingerhut customer!

Sincerely,

The Fingerhut Customer Service Team

F9050

26
60
51
67
11
00

# FINGERHUT
6250 Ridgewood Road
St. Cloud, MN 56303

KAVON FORD
APT 12L
100 RIVERDALE AVE
YONKERS NY  10701-4619

005167



Date: 03/27/2017

Account Balance:
Re: Fingerhut Credit Account issued by
WebBank # ending in 1486

Dear Kavon Ford,

Our records show that you revoked your consent for us to contact you by phone regarding your account. We'd like to provide you with an explanation of what that means to you and your account.

- Restricted status
- Cannot make future purchases using your Fingerhut credit. (You can continue to make purchases using your Visa or Mastercard.)
- No credit line increase
- No special promotions

Please call us at 1-844-796-6562 if this was not your intention to revoke your consent.

Please note, that even though you have revoked consent the balance is still due in full according to your payment terms.

Sincerely,

Fingerhut

Business Hours:
Monday-Friday 7am to 11 pm CST
Saturday 7am to 4 pm CST
Sunday 12pm to 9 pm CST

The Fingerhut Credit Account is issued by WebBank, Salt Lake City, Utah.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

618FH

PJ. 7



# FiNGERHUT Advantage

**Your account is past due, Kavon. To keep your account in good standing, please mail $68.97 today.**

## Account Summary

| | |
|---|---|
| Previous Balance | 301.86 |
| Payments & Credits | 0.00 |
| Purchases & Debits | 0.00 |
| **Fees Charged** | **38.00** |
| **Interest Charged** | **6.53** |
| New Balance | 346.39 |
| Credit Limit | 300 |
| Available Credit | 0 |
| Statement Closing Date | 03/26/17 |
| Days in Cycle | 28 |
| Past Due Amount | 44.98 |
| **Minimum Payment Due** | **68.97** |

## Payment Information

| | |
|---|---|
| New Balance | 346.39 |
| **Minimum Payment Due** | **68.97** |
| **Mail Payment By** | **04/15/17** |
| **Payment Due Date** | **04/22/17** |

**Late Payment Warning:** If we do not receive your minimum payment by the Payment Due Date listed above, you may have to pay a late fee of up to $38.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay: | You will pay off the balance shown on this statement in about: | And you will end up paying an estimated total of: |
|---|---|---|
| Only the minimum payment | 3 years | $431 |

If you would like information about credit counseling services call 1-888-364-2266.
To avoid additional interest charges, pay the New Balance by the Payment Due Date.

## Interest Charge Calculation

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Non Deferred | 25.40%(v) | 308.64 | 6.53 |

(v) APR will vary with the market, based on the Prime Rate.

| Fees | Date | Order Number | | Description | Amount |
|---|---|---|---|---|---|
| | 03/22/17 | | | LATE FEE | 38.00 |
| | **TOTAL FEES FOR THIS PERIOD** | | | | **38.00** |
| Interest Charged | 03/26/17 | | | INTEREST CHARGE | 6.53 |
| | **TOTAL INTEREST THIS PERIOD** | | | | **6.53** |
| | **TOTAL FEES YTD 2017** | | | | **58.99** |
| | **TOTAL INTEREST YTD 2017** | | | | **12.42** |

**NOTICE: See Reverse Side for Important Information**
Inquiries Regarding Your Fingerhut Advantage Credit Account Issued by WebBank: English: 1-800-208-2500 En Español: 1-800-556-3208

Pg. 8

< **Recents**

*Collections Attemp dispite prior dispute*



# 1 (844) 740-3085


message


call


video


mail

## March 11, 2017

9:23 AM   **Missed Call**

Share Contact

Share My Location

Create New Contact

Add to Existing Contact

‹ Recents

*Collection
Attemp after
Notice of dispute*



# 1 (844) 740-3085


message


call


video


mail

## March 13, 2017

3:11 PM     **Missed Call**

Share Contact

Stop Sharing My Location

Create New Contact

Add to Existing Contact

**‹ Recents**

*Collection Attemp dispite prior dispute*



# 1 (844) 740-3085


message


call


video


mail

## March 14, 2017

**12:38 PM    Missed Call**

## Share Contact

## Stop Sharing My Location

## Create New Contact

## Add to Existing Contact

 **Recents**



# 1 (844) 740-3085



message



call



video



mail

## March 15, 2017

9:00 AM      **Missed Call**

## Share Contact

## Stop Sharing My Location

## Create New Contact

## Add to Existing Contact

‹ Recents

*KAVON FORD Disputes the alleged Debt and Notifies employee of prior dispute and Notice of Bond in 30 days*



# 1 (844) 740-3085






message        call        video        mail

## March 15, 2017

9:01 AM        **Outgoing Call**        14 minutes

## Share Contact

## Stop Sharing My Location

## Create New Contact

## Add to Existing Contact

### ‹ Recents

Another Collection
Attemp dispite disputes
noted on record



# 1 (844) 740-3085






message     call     video     mail

## March 15, 2017

6:22 PM    **Missed Call**

## Share Contact

## Stop Sharing My Location

## Create New Contact

## Add to Existing Contact

**‹ Recents**



Collection
Attemp dispite
prior disputes
and notice of Bond

# 1 (844) 740-3085


message


call


video


mail

## March 16, 2017

1:53 PM     **Missed Call**

---

## Share Contact

---

## Share My Location

---

## Create New Contact

---

## Add to Existing Contact

‹ Recents

*Collection 3
Attempt dispute
disputes, And an
Attemp By KAEN Ford
to Call back*



# 1 (844) 740-3085

 message      call      video      mail

## March 17, 2017

| 1:47 PM | **Outgoing Call** | 3 seconds |
| 1:44 PM | **Incoming Call** | 2 minutes |

Share Contact

Share My Location

Create New Contact

3/20/2017

nav

*damages*

Kavon Ford

KF

# :experian.

# 552/850

Poor

↓ Your score declined by 7 points.

*Why is my score different? (https://www.nav.com/blog/why-are-my-credit-scores-different-1224/)*

**VantageScore® 3.0 Credit Score**

What changed?

First Credit Account: 1/19/2017 ⊙
Total Accounts Balance: $301
Total Min Monthly Payments: $23

## Your Standard Features

1 Personal credit score                          ACTIVE

1 Personal summary credit report                 ACTIVE

### Why isn't Nav Premium free?

We cover the cost of your business and personal credit summary, but the identity protection services and detailed credit information included in the premium plans come at a higher cost.

## Premium Features

Full personal reports/scores from 2 bureaus                              INACTIVE

Credit accounts impacting your score negatively                          INACTIVE

Detailed information about late payments                                 INACTIVE

See who has pulled your credit and why                                   INACTIVE

Access to our business credit & lending specialists                      INACTIVE

**Upgrade to Premium(/app/upgrade/premium)**

The information that you have received is not intended to represent all information in your personal credit file at Experian. To obtain a copy of your credit profile or credit report, you may upgrade your membership to a premium account by clicking on the "Upgrade to Premium" button above. If at any time, you desire to terminate your authorization and written instructions to permit Nav to access your credit profile and credit report, you may do so by cancelling your membership in your account settings or by calling customer support.

↓ Download Report
✉ Email Report (/proxy/reports/110397/4.pdf)

🔍 Chat with us (https://home-cf6.incontact.com/inContact/ChatClient.aspx?poc=...)

♡ My Favorites

*Pge 1F*

*Damages*

*

*

| Get More Information | ▼ |
| --- | --- |



{{ report.reportable.initials() }}

Email Report    Download Report (/proxy/reports/1185431/pdf)

# 353 /850

Bad

| ↓ Your score declined by 199 points. | What changed? |
| --- | --- |

*VantageScore® 3.0 Credit Score*
*Why is my score different? (https://www.nav.com/blog/why-are-my-credit-scores-different-1224/)*

First Credit Account: 1/19/2017 ⊘

Total Accounts Balance: {{report.analyze.summary.total_account_balance.toCurrency() }}

Total Min Monthly Payments: {{report.analyze.summary.total_monthly_payments.toCurrency() }}

The information that you have received is not intended to represent all information in your personal credit file at Experian. To obtain a copy of your credit profile or credit report, you may upgrade your Nav membership to a premium account by clicking on the "Upgrade to Premium" button above. If at any time, you desire to terminate your authorization and written instructions to permit Nav to continue to obtain your personal credit report, you may do so by cancelling your membership in your account settings or by calling customer support.



2315 3630 0000 0218 0747

(https://home-
nfairoontrphaaam/mcontrrpet/GhatGlient/ChatClient.aspx?

2315 3630 0000 0218 0754





7011 3500 0001 5360 4732

DVF.BOND NO.113910001

*Prima Facie Evidence*

*N.Y UCC Sec.1-202*

My Favorites

1/2



*Damages*

# ALERTS

<u>All Alerts</u>　　　Business　　　Personal

**Alerts are updated daily.** They'll be reflected on your next monthly report.

## Business Alerts

You haven't received any business alerts.

## Personal Alerts

KAVON 03/28/2017 Alert from: **experian.**
FORD
　　**WEBBANK/FINGERHUT - Grid Code 1 (30 Days Delinquent)**

　　View Details

KAVON 03/01/2017 Alert from: **experian.**
FORD
　　**WEBBANK/FINGERHUT - Bank/Credit Card Over Credit Limit**

　　View Details

KAVON 02/19/2017 Alert from: **experian.**
FORD
　　**CAP ONE NA - Bank/Credit Card Inquiry**

　　View Details

KAVON 01/31/2017 Alert from: **experian.**
FORD
　　**CAP ONE NA - Bank/Credit Card Inquiry**

　　View Details

KAVON 01/28/2017 Alert from: **experian.**
FORD
　　**WEBBANK/FINGERHUT - High Bankcard Utilization**



AND NO.113910001
*Prima Facie Evidence*
N.Y UCC Sec.1-202

e16.incontact.com/inContact/ChatClient/ChatClient.aspx?

poc=bbb7ib04-4764-468a-abcr-
6649a9c58bbe&bu=4595002)

*Damages*

KAVON 01/28/2017 Alert from: **experian.**
FORD                                    *
                                        *
**WEBBANK/FINGERHUT - High Revolving Utilization**

View Details

---

KAVON 01/28/2017 Alert from: **experian.**
FORD

**WEBBANK/FINGERHUT - New Bank/Credit Card**

View Details

Show All

◇

YOUR STANDARD BENEFITS

Credit Monitoring                                                    ACTIVE

PREMIUM BENEFITS

$1M ID Theft Protection                                              INACTIVE

ID Theft Recovery                                                    INACTIVE

| Activate Premium Benefits(/app/upgrade/premium) |
| --- |

**Edit Notification Settings**                                         ⌄

© 2017 Nav All Rights Reserved

Terms (http://www.nav.com/terms)       Privacy (http://www.nav.com/privacy)
Contact Us (https://www.nav.com/contact)



c16.incontact.com/inContact/ChatClient/ChatClient.aspx?



DVF.BOND NO.113910001
*Prima Facie Evidence*
*N.Y UCC Sec.1-202*

P.G _20_

```
                                        *
                                        *
                                        *
                                        *
```

**STATE OF NEW YORK**
                    **Ss:**
**COUNTY OF WESTCHESTER (R)**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*X**

**IN THE MATTER OF,**
**KAVON DENZEL  FORD**

-AND-                                         **DEBT COLLECTION**
                                              **DISCLOSURE STATEMENT**

BLUESTEM BRANDS INC. D/B/A FINGERHUT,
& WEB BANK
                    **, Jointly and severally Debt collector**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*X**

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

Notice: This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the hereinabove-requested verification of the record, i.e. "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition" (Black's Law Dictionary, Sixth Edition, 1990), re the alleged debt, and must be completed in accordance with the Fair Debt Collection Practices Act, 15 USC §1692g, applicable portions of Truth in Lending (Regulation Z), 12 CFR 226, and demands as cited in the attached Offer of Performance.  Debt Collector must make all required disclosures clearly and conspicuously in writing re the following:  (attach any necessary documents)

**1.** Name of Debt Collector: _____

**2.** Address of Debt Collector: _____

**3.** Name of alleged Debtor: _____

**4.** Address of alleged Debtor: _____

**5.** Alleged Account Number: _____

**6.** Alleged debt owed: $_____

**7.** Date alleged debt became payable: _____

**8.** Re this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt Collector?

Explain: _____
_____



7016 2070 0001 0909 9380

DVF.BOND NO.113910001

P.G _21_

\*
\*
\*
\*

**9.** Re this alleged account, if Debt Collector is different from alleged Original Creditor, does Debt Collector have a bona fide affidavit of assignment to enter into alleged original contract between alleged Original Creditor and alleged Debtor?   (Circle answer)

        YES        NO        N/A

**10.**  Did Debt Collector purchase this alleged account from the alleged Original Creditor? (Circle answer)

        YES    NO    N/A   (Not Applicable)

**11**.  If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchase amount:

Date: _____

Amount: $_____

**12.**  Did Debt Collector purchase this alleged account from a previous debt collector?

(Circle all that apply)

YES    NO    N/A

**13**.  If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:

Date: _____

Amount: $_____

**14.**  Regarding this alleged account, Debt Collector is currently the: (circle all that apply)

**(a)** Owner; **(b)** Assignee; **(c)** Other –

Explain:

_____

_____

_____.



P.G __22__

```
                    *
                    *
                    *
                    *
```

**15.**  What are the terms of the transfer of rights re this alleged account?

(Attach any necessary documents)

**16.**  If applicable, transfer of rights re this alleged account was executed by the following method:

(Circle all that apply)

**(a)** Assignment; **(b)** Negotiation; **(c)** Novation; **(d)** Other —

Explain:

_____

_____

_____

**17.**  If the transfer of rights re this alleged account was by assignment, was there consideration?

(Circle Answer)

YES     NO     N/A

**18.**  What is the nature and cause of the consideration cited in # 17 above?

Explain:

_____

_____

_____

_____

**19.**  If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?  (Circle answer)

YES       NO       N/A

**20.**  What is the nature and cause of any value cited in #19 above?

Explain:

_____

7016 2070 0001 0909 9380

DVF.BOND NO.113910001

P.G __23__

```
*
*
*
*
```

_____

_____

21.  If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor?  (Circle answer)

YES     NO     N/A


22.  What is the nature and cause of any consent cited in # 21 above?

Explain:

_____

_____

_____

_____


23.  Has Debt Collector provided alleged Debtor with the requisite verification of the alleged debt as required by the Fair Debt Collection Practices Act?  (Circle answer)  YES   NO


24.  Date of said verification cited above in # 23 was provided to alleged Debtor:

_____


25.  Was said verification cited above in # 23 in the form of a sworn or affirmed oath, affidavit, or deposition?   (Circle answer)

YES     NO


26.  Verification cited above in # 23 was provided alleged Debtor in the form of:

(Circle answer)          **OATH**          **AFFIDAVIT**          **DEPOSTION**


27.  Does Debt Collector have knowledge of any claim(s)/defense(s) re this alleged account?

(Circle answer)          YES          NO

28. What is the nature and cause of any claim(s)/defense(s) re this alleged account?

7016 2070 0001 0909 9380

DVF.BOND NO.113910001

P.G _24_

\*
\*
\*
\*

Explain:

_____

_____

_____

_____ .

**29.** Was alleged Debtor sold any products/services by Debt Collector?  (Circle answer)     YES          NO

**30.** What is the nature and cause of any products/services cited above in # 29?  Explain:

_____

_____

_____

_____ .

**31.** Does there exist a verifiable, bona fide, original commercial instrument between Debt Collector and alleged Debtor containing alleged Debtor's bona fide signature?  (Circle answer)

   YES          NO

**32.** What is the nature and cause of any verifiable commercial instrument cited above in # 31?
Explain:

_____

_____

_____

_____ .

**33.** Does there exist verifiable evidence of an exchange of a benefit or detriment between Debt Collector and alleged Debtor?  (Circle answer)

       YES          NO

**34.** What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in # 33?

7016 2070 0001 0909 9380

DVF.BOND NO.113910001

P.G _25_

```
                              *
                              *
                              *
                              *
```

Explain:

_____

_____.

**35.** Does any evidence exist of verifiable external act(s) giving the objective semblance of agreement between Debt Collector and alleged Debtor?  (Circle answer)

     YES         NO

**36.** What is the nature and cause of any external act(s) giving the objective semblance of agreement from #35 above?

Explain:

_____

_____

_____

_____.

**37.** Have any charge-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO38.  Have any insurance claims been made by any creditor or debt collector regarding this alleged account?   (Circle answer)

     YES         NO

**38.** Have any insurance claims been made by any creditor or debt collector regarding this alleged account? (Circle answer)

     YES         NO

**39.** Have any tax write-offs been made by any creditor or debt collector regarding this alleged account? (Circle answer)

     YES   NO

**40.** Have any tax deductions been made by any creditor or debt collector regarding this alleged account?   (Circle answer)

     YES         NO

DVF.BOND NO.113910001

P.G __26__

*<br>
*<br>
*<br>
*

**41**. Have any judgments been obtained by any creditor or debt collector regarding this alleged account?   (Circle answer)

     YES         NO

**42**. At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract?   (Circle answer)

     YES         NO

**43**. At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed legal professional before executing the alleged contract?   (Circle answer)

     YES  NO

**44**. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit instrument?    (Circle answer)

     YES         NO

**Debt Collector's failure, both intentional and otherwise, to complete/answer points "1" through "44" above and return this Debt Collector Disclosure Statement, as well as provide KAVON FORD with the requisite verification validating the hereinabove-referenced alleged debt, constitutes Debt Collector's tacit agreement that Debt Collector has no verifiable, lawful, bona fide claim re the hereinabove-referenced alleged account, and that Debt Collector tacitly agrees that Debt Collector waives all claims against KAVON FORD and indemnifies and holds KAVON FORD harmless against any and all costs and fees heretofore and hereafter incurred and related re any and all collection attempts involving the hereinabove-referenced alleged account.**

**Failure to meet these requirements leaves liability for compensation and damages in the fixed: Amount of $ 150,000.00 U.S.D (One Hundred and Fifty thousand dollars)**

SWORN TO BEFORE ME
THIS _12_ DAY OF _Aprie 2017_

_Joanna Pinto_
**(NOTARY PUBLIC)**

JOANNA PINTO
Notary Public, State of New York
No. 01PI6131391
Qualified in Westchester County
Commission Expires August 01, 20_17_

Date: _4_ / _12_ / 2017

_KAVON DENZEL FORD_

By: _Kavon_ **AUTHORIZED SIGNATURE**

**ALL RIGHTS RESERVED**

7016 2070 0001 0909 9380

DVF.BOND NO.113910001

P.G. _27_

```
                                    *
                                    *
                                    *
                                    *
```

**DECLARATION:** The Undersigned hereby declares under penalty of perjury of the laws of the United States of America that the statements made in this Debt Collector Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief.

**FINGERHUT**

_____     X_____
Name and Official Title of Signatory              Authorized signature

**WEBBANK**

_____     X_____
Name and Official Title of Signatory              Authorized signature

**BLUESTEM BRANDS INC.**

_____     X_____
Name and Official Title of Signatory              Authorized signature

**SWORN TO BEFORE ME**
**THIS              DAY OF**

_____(NOTARY PUBLIC)

**Debt Collector must timely complete and return this Debt Collector Disclosure Statement, along with all required documents referenced in said Debt Collector Disclosure Statement. Debt Collector's claim will not be considered if any portion of this Debt Collector Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite verification, made in accordance with law and codified in the Fair Debt Collection Practices Act at 15USC §1692 et seq., and which states in relevant part: " A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes "the false representation of the character, or legal status of any debt," and "the threat to take any action that cannot legally be taken," all of which are violations of law. If Debt Collector does not respond as required by law, Debt Collector's claim will not be considered and Debt Collector may be liable for damages for any continued collection efforts, as well as any other injury sustained by KAVON FORD. Please allow thirty (30) days for processing after KAVON FORD'S receipt of Debt Collector's response.**

**PLEASE SEND ALL CORRESPONDENCE CERTIFIED MAIL RETURN RECIPT REQUESTED TO THE ADDRESS BELOW:**

**KAVON DENZEL FORD**
**100 Riverdale Ave Suite 12-L**
**Yonkers, New York The State 10701**

7016 2070 0001 0909 9380

DVF.BOND NO.113910001

P.G 28

```
*
*
*
*
```

15 U.S.C. § 1692e(8) states: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, is a violation of § 1692e.

15 U.S.C § 1692g (e): Notice provisions The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by title 26, title V of Gramm-Leach-Bliley Act [15 U.S.C. 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

Debt collector shall comply with the provisions of the Privacy Act of 1974, as lawfully amended, 12 U.S.C. § 3401, the Right to Financial Privacy Act of 1978, as lawfully amended, 5 U.S.C. § 552a, and the Third Party Summons Act, special procedures, 26 U.S.C. § 7609 as lawfully amended.

P.G _29_

\*
\*
\*
\*

*STATE OF NEW YORK*
           *Ss:*
*COUNTY OF WESTCHESTER (R)*
*IN THE MATTER OF,*
*KAVON DENZEL  FORD*

**OFFER STATEMENT AND
OFFER OF PERFORMANCE**

-AND-

BLUESTEM BRANDS INC. D/B/A FINGERHUT,
&WEBBANK.
              **, Jointly and severally Debt collector**

THIS SECURITY IS BEING OFFERED WITHOUT REGISTRATION IN RELIANCE UPON EXEMPTIONS FROM

REGISTRATION UNDER THE SECURITIESACT OF 1933, AS AMENDED (THE ACT) AND REGULATION D

PROMULGATED THEREUNDER.

THIS MEMORANDUM HAS NOT BEEN APPROVED OR DISAPPROVED BY THE SECURITIES AND

EXCHANGE COMMISION OR ANY STATE SECURITIES COMMISSION NOR HAS THE SECURITIES AND

EXCHANGE COMMISSION OR ANY STATE SECURITIES COMMISSION PASSED UPON THE

ACCURACY OR ADEQUACY OF THIS MEMORANDUM. ANY REPRESENTATION TO THE CONTRARY

IS A CRIMINAL OFFENSE.

THIS OFFERING IS MADE, ONLY TO PURCHASERS WHO QUALIFY AS ACCREDITED INVESTORS UNDER

REGULATION D PROMULGATED UNDER THE ACT.

THE PRICE OF THE SECURITIES OFFERED HEREBY HAS BEEN DETERMINED BY KAVON DENZEL FORD

AND DOES NOT NECESSARILY BEAR ANY RELATIONSHIP TO THE ASSETS, BOOK VALUE OR

POTENTIAL PERFORMANCE OF **KAVON DENZEL  FORD** OR ANY OTHER RECOGNIZED CRITERIA OF VALUE.

7016 2070 0001 0909 9380

DVF.BOND NO.113910001

P.G 36

```
*
*
*
*
```

THE INFORMATION CONTAINED IN THIS MEMORANDUM IS BEING FURNISHED TO PROSPECTIVE

ACCREDITED INVESTORS SOLELY FOR SUCH INVESTORS CONFIDENTIAL USE WITH THE EXPRESS

UNDERSTANDING THAT, WITHOUT PRIOR EXPRESS PERMISSION OF **KAVON DENZEL FORD**, SUCH

PERSONWILL NOT RELEASE THIS DOCUMENT OR DISCUSS THE INFORMATION CONTAINED HEREIN OR

MAKE REPRODUCTIONS OF OR USE THIS MEMEORANDUM FOR ANY PURPOSE OTHER THAN AN

EVALUATION OF A POTENTIAL INVESTMENT IN THE SECURITY AND, IN THE EVENT SUCH

PROSPECTIVE INVESTOR ELECTS NOT TO INVEST, SUCH PERSON WILL RETURN THIS

MEMORANDUM TO **KAVON DENZEL FORD**.

OFFEREE MAY, IF THEY SO DESIRE, MAKE INQUIRIES OF **KAVON DENZEL FORD** WITH RESPECT TO

BUSINESS OR ANY OTHER MATTERS RELATING TO **KAVON DENZEL FORD** AND AN

INVESTMENT IN THE SECURITIES OFFERED HEREBY, AND MAY OBTAIN ANY ADDITIONAL

INFORMATION WHICH SUCH PERSONS DEEM TO BE NECESSARY IN CONNECTION WITH MAKING

AN INVESTMENT DECISION IN ORDER TO VERIFY SUCH INFORMATION. IN CONNECTION WITH

SUCH INQUIRY, ANY DOCUMENTS WHICH ANY OFFEREE WISHES TO REVIEW WILL BE MADE

AVAILABLE FOR INSPECTION AND COPYING OR PROVIDED UPON REQUEST, SUBJECT TO

OFFEREE'S AGREEMENT TO MAINTAIN SUCH INFORMATION IN CONFIDENCE AND TO RETURN

THE SAME TO **KAVON DENZEL FORD** IF THE RECIPIENT DOES NOT ACCEPT THE SECURITES OFFERED

HEREUNDER. ANY SUCH REQUESTS FOR ADDITIONAL INFORMATION OR DOCUMENTS SHOULD

BE MADE IN WRITING TO **KAVON FORD TTEE**, ADDRESSED AS FOLLOWS: KAVON DENZEL FORD, 100

RIVERDALE AVENUE SUITE 12-L YONKERS, N.Y 10701. NO PERSON, OTHER THAN AS PROVIDED FOR

HEREIN, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR TO MAKE ANY REPRESENTATIONS

OTHER THAN THOSE CONTAINED IN THIS MEMORANDUM IN CONNECTION WITH THE OFFER BEING

MADE HEREBY, AND IF GIVEN OR MADE, SUCH INFORMATION OR REPRESENTATION MUST NOT BE

RELIED UPON AS HAVING BEEN AUTHORIZED BY **KAVON DENZEL FORD**.

P.G. _31_

*
*
*
*

THE STATEMENTS CONTAINED HEREIN ARE BASED ON INFORMATION BELIEVED BY **KAVON DENZEL FORD** TO BE RELIABLE. NO WARRANTY CAN BE MADE THAT CIRCUMSTANCES HAVE NOT CHANGED SINCE THE DATE SUCH INFORMATION WAS SUPPLIED. , AS WELL AS SUMMARIES OF VARIOUS PROVISIONS OF RELEVANT STATUTES AND REGULATIONS, WHICH ARE AVAILABLE UPON REQUEST. THE SECURITIES OFFERED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR THE SECURITIES LAWS OF ANY STATE AND ARE BEING OFFERED IN RELIANCE UPON EXEMPTIONS FROM THE REGISTRATION REQUIREMENTS OF SAID ACT AND SUCH LAWS. THE SECURITIES ARE SUBJECT TO RESTRICTIONS ON TRANSFERABILITY AND RESALE AND MAY NOT BE TRANSFERRED OR RESOLD EXCEPT AS PERMITTED UNDER SAID ACT AND SUCH LAWS PURSUANT TO REGISTRATION OR EXEMPTION THEREFROM. INVESTORS SHOULD BE AWARE THAT THEY WOULD BE REQUIRED TO BEAR THE FINANCIAL RISKS OF THIS INVESTMENT FOR AN INDEFINITE PERIOD OF TIME. THE SECURITIES HAVE NOT BEEN APPROVED OR DISAPPROVED BY THE SECURITIES AND EXCHANGE COMMISSION, ANY STATE SECURITIES COMMISSION OR ANY OTHER REGULATORY AUTHORITY, NOR HAVE ANY OF THE FOREGOING AUTHORITIES PASSED UPON OR ENDORSED THE MERITS OF THIS OFFERING OR THE ACCURACY OR ADEQUACY OF THE MEMORANDUM. ANY REPRESENTATION TO THE CONTRARY IS UNLAWFUL.

7016 2070 0001 0909 9380

DVF.BOND NO.113910001

P.G 32

```
*
*
*
*
```

## OFFER OF PERFORMANCE

**1.** This Offer of Performance is tendered in good faith  claim referenced above, with the intent of extinguishing any alleged debt, duty, obligation, liability, and the like intended to obligate KAVON FORD, named in the herein-referenced Presentment, a copy of which is attached herewith, made fully part hereof, and included herein by reference.

**2.** Concerning this Offer of Performance, hereinafter "Offer," **re alleged account:** 6369-9210-6122-1486 **Alleged Amount Due:** $ 346.96 U.S.D , Debt Collector may: (a) Accept Offer; (b) Reject Offer ; (c) Object regarding the mode of Offer .

**3.** This offer of payment of that certain sum of money that Debt Collector alleges/asserts, via Presentment, constitutes the alleged debt, duty, obligation, and liability, including interest and penalties, is made dependent upon performance by Debt Collector of Conditions Precedent concerning which KAVON FORD Offeror is entitled by the fundamental principles of American Jurisprudence and law; namely, provision by Debt Collector of verification  of the alleged debt, accompanied by documentary evidence establishing the factual basis for Debt Collector's claim for payment asserted within Debt Collector's above-referenced Presentment, i.e. validation of Debt Collector's right to collect the alleged debt by providing the requisite verification, including: **(a)** Copies of all agreements of assignment, negotiation, transfer of rights, and the like, and indicating whether Debt Collector is the current owner, assignee, holder, etc., with evidence of KAVON FORD'S consent with any such agreement if a novation; **(b)**

All relative commercial instruments, contracts, and the like containing KAVON FORD'S bona fide signature (subjective theory); **(c)** Any evidence of an exchange of a benefit, as well as exchange of a detriment (implied contract); Verification. Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition.  Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statements of party. **(d)** Any evidence of any series of external acts giving the objective semblance of agreement (objective theory); **(e)** All other documentary evidence between KAVON FORD and Debt Collector that Debt Collector relies upon in making Debt Collector's presumptive claim; **(f)** Name and address of original creditor; and **(g)** A certified copy of any judgment.

**4.** KAVON FORD, Offeror, expects a response re Offer within a reasonable period of time of receipt of Offer, which is hereby set at Thirty (30) days, not counting day of service.

**5.** KAVON FORD, Offeror does not waive timeliness.  If additional time is needed, however, Debt Collector must make a request in writing before expiration of said thirty (30) day period described above in paragraph "4," setting forth Debt Collector's reasons for requesting such extension of time with good cause shown. Offeror will consider any such request for extension of time, the granting of which, however, is conditioned solely upon the decision of Offeror.

**6.** An obligation is extinguished by an offer of performance, made in conformity with the rules prescribed, and with the intent of extinguishing the obligation; (b) An offer in writing to pay a



7016 2070 0001 0909 9380

DVF.BOND NO.113910001

P.G __33__                                        *
                                                  *
                                                  *
                                                  *

particular sum of money, as well as to deliver a written instrument/specific personal property, is, if not accepted, the equivalent of the actual production and tender of the money/instrument/property accompanied by bonded promissory note and interest coupon for payment in full. [64 AM Jur 2d. sec.21]. PLEASE FORWARD CHECK payable to KAVON FORD 100 Riverdale Ave Suite 12-L Yonkers New York 10701.

**7.** In event that Debt Collector does not respond re Offer within the prescribed time limit for response, and there has likewise been no request for extension of time, with good cause shown therein, within said time period, then Debt Collector tacitly agrees that Debt Collector has no bona fide, lawful, verifiable claim re this alleged account, that Debt Collector waives any and all claims against KAVON FORD, and that Debt Collector tacitly agrees that Debt Collector must compensate KAVON FORD for all costs, fees, all damages, federal violations and expenses incurred defending against any collection attempts by Debt Collector re the above-referenced alleged account in the fixed amount of: **$ 150,000.00 USD (One Hundred and fifty thousand dollars)**

**8.** KAVON FORD also expressly includes with this Offer of Performance, "Debt Collection Disclosure Statement," attached herewith, made fully apart and incorporated hereto, and included herein by reference, to ensure that Debt Collector clearly and conspicuously makes all required disclosures in writing in accordance with applicable portions of Truth in Lending(Regulation Z) 12 CFR 226. Debt Collector Disclosure Statement must be completed by Debt Collector and received by KAVON FORD within thirty (30) days of Debt Collector's receipt of this Offer of Performance if Debt Collector wishes Debt Collector's claim to be considered.

**9.** Debt Collector tacitly consents and agrees that Debt Collector has a duty to prevent this alleged account from damaging KAVON FORD in any way.  Debt Collector confesses judgment and KAVON FORD reserves the right to: **(a)** Initiate a counterclaim against Debt Collector; **(b)** File a claim against the bond of any responsible party, including Debt Collector and all principals, agents, and assignees of Debt Collector, whose acts/omissions result in tort damages against KAVON FORD, Offeror.

DATED: ___4__/__12__/ 2017

SWORN TO BEFORE ME
THIS _12_ DAY OF April 2017
_____ (NOTARY PUBLIC)

JOANNA PINTO
Notary Public, State of New York
No. 01PI6131381
Qualified in Westchester County
Commission Expires August 01, 20_17_

KAVON DENZEL FORD

BY: _____
                              AUTHORIZED SIGNATURE
**ALL RIGHTS RESERVED**

7016 2070 0001 0909 9380

DVF.BOND NO.113910001

pg. 34

**CERTIFIED PROMISSORY NOTE**

NO.113910001
EXPIRES: 08/01/2017

**KAVON DENZEL FORD**
100 Riverdale Ave Suite 12-L
Yonkers New York The State (R)
[10701-0000]

**KDF**

**PROMISES TO PAY TO THE ORDER OF:**

FINGERHUT: 7075 Flying Cloud Dr
Eden Prairie, MN 55344

AMOUNT: $431.00 USD
(FOUR HUNDRED AND THIRTY ONE DOLLARS).
ISSUED IN EQUAL CREDITS AND UNITS OF ACCOUNT

**OBLIGATION: DEBT VALIDATION FIDELITY BOND NO.113910001**

Maker promises to pay this instrument upon presentment and indorsement at Maker's, payable in monthly installments on the twenty second day of each successive month after presentment to maker. As an operation of law, Payee tacitly consents and agrees that there is accord and satisfaction by use of this instrument to satisfy Payee's claim and Maker is hereby discharged from liability on this alleged account and the obligation is suspended in accordance with **UT CODE 70A-3-604 & N.Y UCC Sec.3-603**. Maker does not waive timeliness. However, if Payee needs additional time, Payee must present Maker with a written request for additional time within a reasonable time, setting forth the reasons Payee requests an extension of time, with good cause shown. The acceptability of any such request received by Maker from Payee is conditional upon approval by Maker. In the event this instrument is not presented for payment within its expiration date, and there has been no request for an extension of time with good cause shown, Payee tacitly consents and agrees that Payee has no bona fide verifiable claim re this alleged account and is in default of the associated obligations

Payee tacitly consents and agrees that payee has a duty to prevent this alleged account from damaging Maker in any way, and that payee confesses judgment on default in which **DVF.BOND.NO.113910001** shall self-execute against any responsible party, including payee, Debt Collector and all principals, agents, and assignees, whose acts/omissions result in tort damages against Maker.

SWORN AND SUBSCRIBED TO
THIS 12 DAY OF APRIL 2017

JOANNA PINTO
Notary Public, State of New York
No. 01PI6131391
Qualified in Westchester County
Commission Expires August 01, 20 17
(NOTARY PUBLIC)

KAVON DENZEL FORD

By: _____
AUTHORIZED SIGNATURE

AVAL

**31 USC § 5312**
\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CANCELLED STAMP

**MEMO:** Public Law: Chap 48, 48 Stat. 112. ALL RIGHTS RESERVED.
6 3 6 9  9 2 1 0  6 1 2 2  1 4 8 6 - 1 3 8  9 4  0 4 1 5

LEGAL TENDER
N.Y UCC 3-604 & UT CODE Sec.70A-3-603



Authorized person indorse below. Print name and official title when presenting this Instrument for payment. Government-issued ID with photograph required, i.e. only the following types of ID accepted: state-issued Driver's License; state-issued Identification Card; Passport.

_____                    _____
Printed Name of Indorser                                    Form of Photo Identification

_____                    _____
Official Title of Indorser                                     Form of Official Identification

Date of Presentment and Indorsement: _____

Signature of Indorser: _____

NOTICE THE SIGNATURE OF THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME AS WRITTEN UPON THE FACE OF THE CERTIFICATE, IN EVERY PARTICULAR, WITHOUT ALTERATION OR ENLAGEMENT OR ANY CHANGE WHATSOEVER.

**FOR VALUE RECEIVED** *I hereby sell, assign and transfer to:*

_____

*the obligation(s), Liability and Funds represented by this Certificate On the books of the within said entity with full power of substitution in the premises.*

*Dated: _____/_____/_____*                    _____

*In presence of*

_____         _____

_____

[ MEDALLION STAMP ]

C 6 0 1 2 7 1 8 3

THIS INSTRUMENT CONTAINS AN ORIGINAL CANCELLED STAMP AND IS SIGNED IN BLUE INK
DO NOT ACCEPT WITHOUT THESE FEATURES

7016 2070 0001 0909 9380

**FINGERHUT** Advantage

Make payments online at www.fingerhut.com/MyAccount

Or tear off and return with your payment by mail. Make your check payable to Fingerhut.

Account Number
6369-9210-6122-1486

Customer Number
3669477857

| MAIL PAYMENT BY | MINIMUM DUE | New Balance | Amount Enclosed |
|---|---|---|---|
| 04/15/17 | $68.97 | $346.39 | 431.00 |



*Pay to the order of:*
*FINGER HUT*

Make your check payable to Fingerhut and mail to:

3669477857                     059619
KAVON FORD
APT 12L
100 RIVERDALE AVE
YONKERS NY  10701-4619

PO BOX 166
NEWARK, NJ 07101-0166

*Kavon Ford*
*APT 12L*

0101162797



S36694778576369921061221486032617000689700000007

**IMPORTANT!** Has your address, phone number, or e-mail address changed? If so, please fill in any NEW information in the spaces below and we will update your account.

Account [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ]     Phone [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ]

Name [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ]

Address [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ]

City [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ]     State [ ] [ ]     Zip [ ] [ ] [ ] [ ] [ ]

E-Mail Address [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ]

Please provide your e-mail address for business transactions.
(We will not send promotional material without your permission.)
☐ Check here if you'd like to receive e-mails about Fingerhut special deals and events.

**Consent for Use of Telephone Numbers:** You authorize WebBank/Fingerhut, their affiliates, agents, and others calling at their request or on their behalf to contact you at any number (i) you have provided to us (ii) from which you have called us, or (iii) which we obtain and believe we can reach you at. We may contact you in any way, such as calling, texting, using an automated dialer or using pre-recorded messages. We may contact you on a mobile, wireless, or similar device, even if you are charged for it by your provider.

P.G __38__

           *
           *
           *
           *

*STATE OF NEW YORK*
        *Ss:*
*COUNTY OF WESTCHESTER (R)*

**IN THE MATTER OF,**
**KAVON DENZEL  FORD**

                                **UT CODE Sec. 70A-1a-202**

    **-AND-**
                                     **NOTICE OF**
                              **SECUIRTY AGREEMENT**
                                 **N.Y UCC sec.1-202**

BLUESTEM BRANDS INC. D/B/A FINGERHUT,
& WEBBANK.

          **, Debt collector**

**WITH THE INTENT OF BEING CONTRACTUALLY BOUND,** BLUESTEM BRANDS INC. D/B/A FINGERHUT & WEBBANK, as well as the agent(s) thereof, hereinafter jointly and severally "debt collector", consents, and agrees by this notice that neither said juristic person nor agent thereof shall continue to have this account reported, undergo any collection attempts in any manner without having had complied with the provisions of this **BOND,**

**SELF EXECUTING CONTRACT/SECURITY AGREEMENT IN EVENT OF DEFAULT**

SELF EXECUTING CONTRACT/SECURITY AGREEMENT IN EVENT OF DEFAULT, by this notice, both the Juristic person(s) BLUESTEM BRANDS INC. D/B/A FINGERHUT & WEBBANK and the agent(s) thereof, hereinafter jointly and severally "debt collector", consent and agree that any non-compliance with the provisions of this BOND is a confessed Judgement, constitutes default, Contractually Binds debt collector and renders this notice a Security Agreement wherein debt collector is debtor and Ford, Kavon Denzel/KAVON DENZEL  FORD is Secured party, and signifies that debt collector:

(1) Grants Secured Party a security interest in all of debt collector's assets, land and personal property, and all of debt collector's interest in assets, land and personal property, in the sum certain amount of **$ 150,000.00 U.S.D ( One Hundred and Fifty thousand dollars)** per the occurrence of default in which such amount shall include cost, interest, plus triple damages;

(2) Authenticates this security agreement wherein debt collector is debtor and Ford, Kavon Denzel/KAVON DENZEL  FORD is Secured Party, and wherein debt collector pledges all of Its assets, and land, consumer goods, farm products, inventory, equipment, money, investment property, commercial tort claims, letters of credit, letter - of credit rights, chattel paper, instruments, deposits, accounts, deposit accounts, securities accounts, documents, general intangibles, and all debt collector's interest in all such foregoing property, now owned and hereinafter acquired, now existing and hereinafter arising, wherever located, as collateral for securing debt collector's contractual obligation in favor of secured party's debt validation fidelity bond;



7016 2070 0001 0909 9380

                                              **DVF.BOND NO.113910001**

P.G __39__

```
                              *
                              *
                              *
                              *
```

**(3)** Consents and agrees with secured party's filing of a UCC financing statement in the UCC filing office, as well as in any county recorder's office, Federal District office, wherein debt collector is debtor and Ford, Kavon Denzel/KAVON DENZEL FORD is secured party;

**(4)** Consent and agrees that said UCC financing statement described in (3) is a continuing financing statement and further consents and agrees with secured party's filing of any continuation statement necessary for maintaining Secured Party's interest in property pledged as collateral in this Security Agreement as described in " (2)" until debt collector's contractual obligation therefore incurred has been fully satisfied;

**(5)** Consents and agrees with secured party's filing of any UCC financing statement, as described in "(3)" and "(4)", as well as the filing of any security agreement, as described in "(2)", in the UCC filing office as well as  in any county recorder's office;

**(6)** Consents and agrees that any and all such filings described in "(4)" and "(5)" are not, and may not be considered, bogus and that user will not claim that any such filing is bogus;

**(7)** Waives all defenses; and

**(8)** Appoints secured party as authorized representative for debt collector, effective upon debt collector's default re contractual obligations in favor of secured party as set forth in "Payment Terms" and "Default Terms", granting Secured Party full authorization and power for engaging in any and all actions on behalf of debt collector including but not limited to, authentication of a record on behalf of debt collector as secured party, at secured party's sole discretion, and as secured party deems appropriate, and debt collector further consents and agrees that this appointment of secured party as authorized representative for debt collector, effective upon debt collector's default, is irrevocable and coupled with a security interest.

**(9) USER FURTHER CONSENTS AND AGREES WITH ALL OF THE FOLLOWING ADDITIONAL TERMS OF SELF –EXECUTING CONTRACT/ SECURITY AGREEMENT IN EVENT OF DEFAULT: PAYMENT TERMS :**

In accordance with the fees and penalties for default, as set forth herein, debt collector hereby consents and agrees that debt collector shall pay secured party the default fees and penalty of **$ 150,000.00 U.S.D (One Hundred and Fifty thousand dollars)** in full within fifteen (15) days of the date debt collector is sent secured party's invoice, hereinafter "invoice', itemizing said fees and penalty.

**DEFAULT TERMS:** In event of non-payment in full of default fees and penalty by the debt collector within Fifteen (15) days of date of invoice service, debt collector shall be deemed in default and:

P.G ___40___

                                   \*
                                   \*
                                   \*
                                   \*

(a) all of debt collector's property is pledged as collateral by debt collector as set forth in "(2)" immediately becomes, i.e. is property of secured party;

(b) secured party is appointed debt collector's authorized representative as set forth in "(B)", and

(c) debt collector consents and agrees that secured party may take possession of, as well as otherwise dispose of in any manner whatsoever at secured party's sole discretion including, but not limited to sale at auction, at any time following debt collector's default and without further notice any and all of debt collector's property and interest, described in "(2)" formerly pledged as collateral by debt collector, now property of secured party, in respect of this" self – executing contract/security agreement in event of unauthorized use, " that secured party, in secured party's sole discretion, deems appropriate.

**TERMS FOR CURING DEFAULT** : upon event of default, irrespective of any and all of debt collector's former property and interest in property described in "(2)", in the possession of, as well as dispose of by, secured party, as authorized representative by " Default Terms", debt collector may cure default only with the remainder of said property and interest, formerly pledged as collateral that is neither in the possession of nor disposed of by secured party within fifteen days (15) days of default only by payment in full.

**TERMS OF STRICT FORECLOSURE:** debt collector's non – payment in full of default fees and penalty itemized in invoice within said fifteen (15) day period for curing default as set forth in "Terms for curing default" authorizes secured party's immediate non – judicial strict foreclosure on any and all remaining former property and interest in property, formerly pledged as collateral by debt collector, now property of secured party, which is not in the possession of, nor otherwise disposed of by secured party upon expiration of said fifteen (15) day default curing period.

**DATE:** ___4___ / ___12___ / 2017

**SWORN TO BEFORE ME**
**THIS** _12_ **DAY OF** _April 2017_

_[signature]_ _(NOTARY PUBLIC)_

JOANNA PINTO
Notary Public, State of New York
No. 01PI6131391
Qualified in Westchester County
Commission Expires August 01, 2017

**KAVON DENZEL FORD**

**By:** _[signature]_ _AUTHORIZED SIGNATURE_

**ALL RIGHTS RESERVED**

**THIS SECURITY AGREEMENT SHALL BE UNIFORM THROUGHOUT THE STATES**



7016 2070 0001 0909 9380

DVF.BOND NO.113910001

\*
\*
\*

## *ACKNOWLEDGEMENT*

STATE OF NEW YORK)
               **Ss**:
COUNTY OF WESTCHESTER (R)


               On the Thirteenth day of the Fourth month in the year 2017 before me, the undersigned, personally appeared Ford, Kavon Denzel, the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she resides in The State of New York, 100 Riverdale Ave Suite 12-L; that he/she knows Ford, Kavon Denzel to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said Ford, Kavon Denzel execute the same; and that said witness at the same time subscribed his/her name as a witness thereto and or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the :


### (1) DEBT VALIDATION BOND NO.113910001


SWORN TO BEFORE ME

THIS *13* DAY OF *April 2017*

_____ (NOTARY PUBLIC)

JOANNA PINTO
Notary Public, State of New York
No. 01PI6131391
Qualified in Westchester County
Commission Expires August 01, 20_17_

KAVON DENZEL FORD

By: _____
                    AUTHORIZED SIGNATURE

ALL RIGHTS RESERVED

DVF.BOND NO.113910001
*Prima Facie Evidence of Indebtedness*
*N.Y UCC Sec.1-307*

\*
\*
\*

STATE OF NEW YORK)

Ss:

COUNTY OF WESTCHESTER (R)

IN THE MATTER OF,
*KAVON DENZEL FORD*

-AND-                                    **NOTARY CERTIFICATE OF SERVICE**

BLUESTEM BRANDS INC. D/B/A FINGERHUT
& WEBBANK

**, Jointly and severally Debt Collector**

**BE IT KNOWN** that the undersigned a duly empowered notary public, in and for THE STATE OF NEW YORK, COUNTY OF WESTCHESTER, a neutral third party and not a party to the matter and for the sole purpose of certifying a proper response/performance or want thereof, at the request of KAVON FORD, did present on this day, the following documents to wit:

>    1. **DEBT VALIDATION FIDELITY BOND NO.113910001**
>       **Certified Copy with original promissory note**

I hereby certify that after reviewing the documents, he deposited said documents with the US Postal Service.

*CERTIFIED MAIL NO.***7016 2070 0001 0909 9380**

*D.V.F BOND NO.113910001 and an original note addressed to:* BLUESTEM BRANDS INC. D/B/A FINGERHUT

7075 Flying Cloud Drive,<br>Eden Prairie, Minnesota 55344.

*I have hereunto set my hand and seal of office this Thirteenth day of April 2017*

*SWORN TO BEFORE ME*
*THIS* ⟨3⟩ *DAY OF* April

_____ *(NOTARY PUBLIC)*

JOANNA PINTO
Notary Public, State of New York
No. 01PI6131391
Qualified in Westchester County
Commission Expires August 01, 20_17_

DVF.BOND NO.113910001<br>*Prima Facie Evidence of Indebtedness*<br>*N.Y UCC Sec.1-307*

# ACKNOWLEDGEMENT

STATE OF NEW YORK)
                  SS!
COUNTY OF Westchester)

On the Eighth day of September in the year 2017 before me personally came Ford, Kavon Denzel, the Subscribing witness to the foregoing instrument, who, being duly sworn, did depose and say that he resides at 100 Riverdale Ave Suite 12-1 Yonkers New York the State 10701-0000 that he knows KAVON DENZEL FORD to be the person that executed such instrument and acknowledged to me on the basis of satisfactory evidence that he executed the same in his capacity, and that by his signature on the instrument, the individual(s) or person(s) upon behalf of which the individual acted executed the same:

         (1) Debt Validation Fidelity Bond No. 113910001

That the undersigned a duly empowered Notary public in and for the State of New York, a neutral third party and not a party to the matter and for the sole purpose of affirming a proper response/performance or want thereof do acknowledge the Service of this Bond as being Served by KAVON FORD certified by Joanna Pinto a New York Notary public and **Sworn Statement of No response.**

Sworn to before me
this ___ 11th ___ day of SEPTEMBER, 2017

_____
NOTARY PUBLIC

Kaseithia M. Hewitt
Notary Public
State Of New York, Westchester County
01HE6332259
Commission Expires 10-26-20

KAVON DENZEL FORD

By: _____

ALL RIGHTS RESERVED

# USPS Tracking® Results

FAQs �ários (http://faq.usps.com/?articleId=220900)

## Track Another Package +

Remove ⏏

**Tracking Number:** 70162070000109099380

▶        ▶        ▶   Delivered

**Expected Delivery Day:** Monday, April 17, 2017 ⏷

## Product & Tracking Information

See Available Actions

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™
Return Receipt

See tracking for related item:  9590940101705234323830 (/go/TrackConfirmAction?
tLabels=9590940101705234323830)

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| April 17, 2017, 10:41 am | **Delivered, Left with Individual** ▲ | **EDEN PRAIRIE, MN 55344** |
| | Your item was delivered to an individual at the address at 10:41 am on April 17, 2017 in EDEN PRAIRIE, MN 55344. | |
| April 16, 2017, 11:19 pm | Departed USPS Destination Facility | MINNEAPOLIS, MN 55401 |
| April 16, 2017, 1:51 pm | Arrived at USPS Destination Facility | MINNEAPOLIS, MN 55401 |
| April 15, 2017, 7:40 pm | In Transit to Destination | |

See More ⌄

## Available Actions

### Text Updates

### Email Updates

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

USPS.com® - USPS Tracking® Results

# USPS Tracking® Results

FAQs ▫ (http://faq.usps.com/?articleId=220900)

**Track Another Package +**

Tracking Number: 9590940101705234323830

Remove

▶ ▶ ▶ In Transit

*return receipt received on 4/20/17 5:00 pm. Signature on reciept was intentionally written in pencil as the date is in black ink whomever did this was hoping it would fade.*

## Product & Tracking Information

See Available Actions

**Postal Product:**
First-Class Mail®

**Features:**
USPS Tracking®

**See tracking for related item:** 70162070000109099380 (/go/TrackConfirmAction?tLabels=70162070000109099380)

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| April 19, 2017, 11:12 pm | Departed USPS Facility | WHITE PLAINS, NY 10610 |

Your item departed our USPS facility in WHITE PLAINS, NY 10610 on April 19, 2017 at 11:12 pm. The item is currently in transit to the destination.

| | | |
|---|---|---|
| April 19, 2017, 12:41 pm | Arrived at USPS Facility | WHITE PLAINS, NY 10610 |
| April 19, 2017, 4:02 am | In Transit to Destination | |
| April 17, 2017, 9:02 pm | Departed USPS Facility | MINNEAPOLIS, MN 55401 |

See More ∨

## Available Actions

Delivery Instructions

Text Updates

Email Updates

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

EXHIBIT

B

EXHIBIT

B

**NEW YORK THE STATE**
                    **Ss:**
**COUNTY OF WESTCHESTER (R)**

**IN THE MATTER OF,**
    **KAVON DENZEL   FORD**

      **-AND-**

**BLUESTEM BRANDS INC. D/B/A FINGERHUT**
    **, Debt Collector**

              **NOTICE OF KNOWLEDGE OF CONTRACT ESTOPPEL**
             **FAULT AND OPPOURTUNITY TO CURE AND PERFORM**
               **IN REQUEST FOR DEBT VALIDATION**

                   **ACCT#** 6369921061221486

                        **ATTN:**

On the date of **APRIL 13TH 2017** KAVON FORD has caused a Debt Validation Fidelity bond to be served on BLUESTEM BRANDS D/B/A FINGERHUT containing an Disclosure statement, Security Agreement and offer of performance tendering a Certified Promissory Note, **DVF.BOND NO.113910001, certified mail No.7016 2070 0001 0909 9380**. BLUESTEM BRANDS D/B/A FINGERHUT  has failed to perform/ validate the alleged debt and has not provided the requested information and disclosures according to the terms of the Bond executed in accordance but not limited to The FDCPA **[15 USC 1601 et. Seq.],** Common Law and the Uniform Commercial Code and continue to collect on an invalid debt, **(see attached).** As the respondent, you are now at fault and you are stopped from maintaining the original collection action pursuant to but not limited to **[15 USC 1601 et. Seq.]** and have agreed to the collection of an invalid/ illegal debt through your dishonor and non-performance. You have the right to cure this fault within 7days from the date of receipt of this notice. Should you fail to cure such fault of non-response and perform in accordance to the terms of **DVF.BOND NO.113910001** you will be in default.

*PLEASE SEND ALL CORRESPONDENCE CERTIFIED MAIL TO:*

KAVON DENZEL FORD *– 0000 250531*
C/O: *Westchester County D.O.C Legal Department, 10 woods BD Vahalla, N. y. 10595* **CERTIFICATE OF SERVICE**

**BE IT KNOWN** that the undersigned a duly empowered notary public, in and for THE STATE OF NEW YORK, COUNTY OF WESTCHESTER, a neutral third party and not a party to the matter and for the sole purpose of affirming a proper response/performance or want thereof, at the request of KAVON FORD, did present on this day, the following documents to wit:

    1.   **NOTICE OF FAULT AND OPPOURTUNITY TO CURE DVF.BOND NO.113910001**
        **Certified Copy**

I hereby certify that after reviewing the documents, I deposited said documents with the US Postal Service. CERTIFIED MAIL No. **7016 2710 0000 2005 8535** *addressed to:* BLUESTEM BRANDS INC. D/B/A FINGERHUT 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344

*SWORN TO BEFORE ME*
*THIS  11th  DAY OF SEPTEMBER, 2017.*

                 **(NOTARY PUBLIC)**

*DATED:* 9 /11/ 2017

       Kassithia M. Nkwili
       Notary Public
    State Of New York, Westchester County
       01NK6269759
    Commission Expires 10-26-20__

              DVF.BOND NO.113910001
              *Prima Facie Evidence*
              N.Y UCC Sec.1-307

7016 2710 0000 2005 8542

# FINGERHUT Advantage

**Your account is past due, Kavon. To keep your account in good standing, please mail $98.96 today.**

## Account Summary

| | |
|---|---|
| Previous Balance | 346.39 |
| Payments & Credits | 0.00 |
| Purchases & Debits | 0.00 |
| **Fees Charged** | **38.00** |
| **Interest Charged** | **7.53** |
| New Balance | 391.92 |
| | |
| Credit Limit | 300 |
| Available Credit | 0 |
| Statement Closing Date | 04/26/17 |
| Days in Cycle | 31 |
| | |
| Past Due Amount | 68.97 |
| **Minimum Payment Due** | **98.96** |

## Payment Information

| | |
|---|---|
| New Balance | 391.92 |
| **Minimum Payment Due** | **98.96** |
| **Mail Payment By** | **05/15/17** |
| **Payment Due Date** | **05/22/17** |

**Late Payment Warning:** If we do not receive your minimum payment by the Payment Due Date listed above, you may have to pay a late fee of up to $38.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay: | You will pay off the balance shown on this statement in about: | And you will end up paying an estimated total of: |
|---|---|---|
| Only the minimum payment | 3 years | $484 |

If you would like information about credit counseling services call 1-888-364-2268.
To avoid additional interest charges, pay the New Balance by the Payment Due Date.

## Interest Charge Calculation

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Non Deferred | 25.65%(v) | 352.51 | 7.53 |

(v) APR will vary with the market, based on the Prime Rate.

| Fees | Date | Order Number | Description | Amount |
|---|---|---|---|---|
| | 04/22/17 | | LATE FEE | 38.00 |
| | **TOTAL FEES FOR THIS PERIOD** | | | **38.00** |
| Interest Charged | 04/26/17 | | INTEREST CHARGE | 7.53 |
| | **TOTAL INTEREST THIS PERIOD** | | | **7.53** |
| | **TOTAL FEES YTD 2017** | | | **96.99** |
| | **TOTAL INTEREST YTD 2017** | | | **19.95** |

NOTICE: See Reverse Side for Important Information

Inquiries Regarding Your Fingerhut Advantage Credit Account issued by WebBank: English: 1-800-208-2500 En Español: 1-800-556-3208

---

 FINGERHUT Advantage

**Make payments online at www.fingerhut.com/MyAccount**

Or tear off and return with your payment by mail. **Make your check payable to Fingerhut.**

Account Number
XXXX-XXXX-XXXX-1486

Customer Number
3669477857

| MAIL PAYMENT BY | MINIMUM DUE | New Balance | Amount Enclosed |
|---|---|---|---|
| 05/15/17 | $98.96 | $391.92 | $ |

Make your check payable to Fingerhut and mail to:

3669477857
KAVON FORD
APT 12L
100 RIVERDALE AVE
YONKERS NY   10701-4619

PO BOX 166
NEWARK, NJ 07101-0166

⧧3669477857636992106122148604261700098960000000

# FINGERHUT Advantage

**Your account is past due, Kavon. To keep your account in good standing, please mail $128.95 today.**

## Account Summary

| | |
|---|---|
| Previous Balance | 391.92 |
| Payments & Credits | 0.00 |
| Purchases & Debits | 0.00 |
| **Fees Charged** | **0.00** |
| **Interest Charged** | **8.37** |
| New Balance | 400.29 |
| | |
| Credit Limit | 0 |
| Available Credit | 0 |
| Statement Closing Date | 05/26/17 |
| Days in Cycle | 30 |
| | |
| Past Due Amount | 98.96 |
| **Minimum Payment Due** | **128.95** |

## Payment Information

| | |
|---|---|
| New Balance | 400.29 |
| **Minimum Payment Due** | **128.95** |
| **Mail Payment By** | **06/15/17** |
| **Payment Due Date** | **06/22/17** |

**Late Payment Warning:** If we do not receive your minimum payment by the Payment Due Date listed above, you may have to pay a late fee of up to $38.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay: | You will pay off the balance shown on this statement in about: | And you will end up paying an estimated total of: |
|---|---|---|
| Only the minimum payment | 3 years | $486 |

If you would like information about credit counseling services call 1-888-364-2268.
To avoid additional interest charges, pay the New Balance by the Payment Due Date.

## Interest Charge Calculation

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Non Deferred | 25.65%(v) | 391.92 | 8.37 |

(v) APR will vary with the market, based on the Prime Rate.

| Fees | Date | Order Number | Description | Amount |
|---|---|---|---|---|
| | | TOTAL FEES FOR THIS PERIOD | | 0.00 |
| Interest Charged | 05/26/17 | | INTEREST CHARGE | 8.37 |
| | | TOTAL INTEREST THIS PERIOD | | 8.37 |
| | | TOTAL FEES YTD 2017 | | 96.99 |
| | | TOTAL INTEREST YTD 2017 | | 28.32 |

NOTICE: See Reverse Side for Important Information

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Inquiries Regarding Your Fingerhut Advantage Credit Account issued by WebBank: English: 1-800-208-2500 En Español: 1-800-556-3208

## FINGERHUT Advantage

**Make payments online at www.fingerhut.com/MyAccount**

Or tear off and return with your payment by mail. **Make your check payable to Fingerhut.**

| | MAIL PAYMENT BY | MINIMUM DUE | New Balance | Amount Enclosed |
|---|---|---|---|---|
| Account Number<br>XXXX-XXXX-XXXX-1486<br>Customer Number<br>3669477857 | 06/15/17 | $128.95 | $400.29 | |

Make your check payable to Fingerhut and mail to:

3669477857
KAVON FORD
APT 12L
100 RIVERDALE AVE
YONKERS NY  10701-4619

PO BOX 166
NEWARK, NJ 07101-0166

S3669477857636992106122148605261700128950000002

 FINGERHUT Advantage

Your account is past due, Kavon. To keep your account in good standing, please mail $158.94 today.

## Account Summary

| | |
|---|---|
| Previous Balance | 400.29 |
| Payments & Credits | 0.00 |
| Purchases & Debits | 0.00 |
| **Fees Charged** | **0.00** |
| **Interest Charged** | **8.55** |
| New Balance | 408.84 |
| | |
| Credit Limit | 0 |
| Available Credit | 0 |
| Statement Closing Date | 06/26/17 |
| Days in Cycle | 31 |
| | |
| Past Due Amount | 128.95 |
| **Minimum Payment Due** | **158.94** |

### Payment Information

| | |
|---|---|
| New Balance | 408.84 |
| Minimum Payment Due | 158.94 |
| Mail Payment By | 07/15/17 |
| Payment Due Date | 07/22/17 |

**Late Payment Warning:** If we do not receive your minimum payment by the Payment Due Date listed above, you may have to pay a late fee of up to $38.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay: | You will pay off the balance shown on this statement in about: | And you will end up paying an estimated total of: |
|---|---|---|
| Only the minimum payment | 3 years | $485 |

If you would like information about credit counseling services call 1-888-364-2268. To avoid additional interest charges, pay the New Balance by the Payment Due Date.

## Interest Charge Calculation

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Non Deferred | 25.65%(v) | 400.29 | 8.55 |

(v) APR will vary with the market, based on the Prime Rate.

| Fees | Date | Order Number | Description | Amount |
|---|---|---|---|---|
| | | TOTAL FEES FOR THIS PERIOD | | 0.00 |
| Interest Charged | 06/26/17 | | INTEREST CHARGE | 8.55 |
| | | TOTAL INTEREST THIS PERIOD | | 8.55 |
| | | TOTAL FEES YTD 2017 | | 96.99 |
| | | TOTAL INTEREST YTD 2017 | | 36.87 |

NOTICE: See Reverse Side for Important Information

Inquiries Regarding Your Fingerhut Advantage Credit Account issued by WebBank: English: 1-800-208-2500 En Español: 1-800-556-3208

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

 FINGERHUT Advantage

Make payments online at www.fingerhut.com/MyAccount

Or tear off and return with your payment by mail. **Make your check payable to Fingerhut.**

Account Number
XXXX-XXXX-XXXX-1486
Customer Number
3669477857

| MAIL PAYMENT BY | MINIMUM DUE | New Balance | Amount Enclosed |
|---|---|---|---|
| 07/15/17 | $158.94 | $408.84 | |

Make your check payable to Fingerhut and mail to:

3669477857
KAVON FORD
APT 12L
100 RIVERDALE AVE
YONKERS NY  10701-4619

PO BOX 166
NEWARK, NJ 07101-0166

S3669477857636992106122148606261700158940000004

# FINGERHUT Advantage

**Your account is past due, Kavon. To keep your account in good standing, please mail $188.93 today.**

## Account Summary

| | |
|---|---|
| Previous Balance | 408.84 |
| Payments & Credits | 0.00 |
| Purchases & Debits | 0.00 |
| **Fees Charged** | **0.00** |
| **Interest Charged** | **8.82** |
| New Balance | 417.66 |

| | |
|---|---|
| Credit Limit | 0 |
| Available Credit | 0 |
| Statement Closing Date | 07/26/17 |
| Days in Cycle | 30 |
| Past Due Amount | 158.94 |
| **Minimum Payment Due** | **188.93** |

## Payment Information

| | |
|---|---|
| New Balance | 417.66 |
| **Minimum Payment Due** | **188.93** |
| **Mail Payment By** | **08/15/17** |
| **Payment Due Date** | **08/22/17** |

**Late Payment Warning:** If we do not receive your minimum payment by the Payment Due Date listed above, you may have to pay a late fee of up to $38.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay: | You will pay off the balance shown on this statement in about: | And you will end up paying an estimated total of: |
|---|---|---|
| Only the minimum payment | 2 years | $487 |

If you would like information about credit counseling services call 1-888-364-2268.
To avoid additional interest charges, pay the New Balance by the Payment Due Date.

## Interest Charge Calculation

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Non Deferred | 25.90%(v) | 408.84 | 8.82 |

(v) APR will vary with the market, based on the Prime Rate.

| Fees | Date | Order Number | Description | Amount |
|---|---|---|---|---|
| | | **TOTAL FEES FOR THIS PERIOD** | | **0.00** |
| **Interest Charged** | 07/26/17 | | INTEREST CHARGE | 8.82 |
| | | **TOTAL INTEREST THIS PERIOD** | | **8.82** |
| | | **TOTAL FEES YTD 2017** | | **96.99** |
| | | **TOTAL INTEREST YTD 2017** | | **45.69** |

NOTICE: See Reverse Side for Important Information

---

Inquiries Regarding Your Fingerhut Advantage Credit Account issued by WebBank: English: 1-800-208-2500 En Español: 1-800-556-3208

# FINGERHUT Advantage

**Make payments online at www.fingerhut.com/MyAccount**

Or tear off and return with your payment by mail. **Make your check payable to Fingerhut.**

Account Number
XXXX-XXXX-XXXX-1486

Customer Number
3669477857

| **MAIL PAYMENT BY** | **MINIMUM DUE** | **New Balance** | **Amount Enclosed** |
|---|---|---|---|
| 08/15/17 | $188.93 | $417.66 | |

Make your check payable to Fingerhut and mail to:

3669477857
KAVON FORD
APT 12L
100 RIVERDALE AVE
YONKERS NY   10701-4619

PO BOX 166
NEWARK, NJ 07101-0166



EXHIBIT

C

EXHIBIT

C

NEW YORK THE STATE
COUNTY OF WESTCHESTER (R)


IN THE MATTER OF,
KAVON DENZEL FORD

                                        NOTICE OF DEFAULT
                                        ACCT #:6369921061221486

    -AND-

BLUESTEM BRANDS INC.
D/B/A FINGERHUT
            ,Debt collector


NOTICE TO AGENT IS NOTICE TO PRINCIPAL.
NOTICE TO PRINCIPAL IS NOTICE TO AGENT.


**PLEASE TAKE NOTICE** that on the date of September *11th*, 2017, KAVON
FORD has caused a NOTICE OF CONTRACT ESTOPPEL FAULT AND OPPOURTU-
NITY TO CURE AND PERFORM IN REQUEST FOR DEBT VALIDATION, you are
now in default, you have the oppourtunity to cure this default
within 3 (three) days from the date of receipt of this notice by
complete performance and or payment in full of the sum certain
amount of (One hundred and Fifty Thousand Dollars) $ 150,000.00
pursuant to the terms of the Debt validation Fidelity bond no.
113910001 and notice of security agreement, failure to perform
or to provide a payment will result in your default.

### * CERTIFICATE OF SERVICE *

Be it known that the undersigned a duly empowered Notary Public
in and for The STATE OF NEW YORK, a neutral third party and not
a party to the matter and for the sole purpose of affirming a
proper response and or want thereof at the request of KAVON FORD
did present the following document(s) to wit:

### 1. NOTICE OF DEFAULT D.V.F BOND NO.113910001

I hereby certify that after reviewing said document(s), I
deposited said documents with the United States Postal Service.
Certified Mail not required to: Bluestem Brands INC. D/B/A
Fingerhut *7075 Flying Cloud Drive Eden Pracie MN.* **55344.**

SWORN TO BEFORE ME
THIS  4ᵗʰ  DAY OF *October, 2017.*

_____            Kaseithia M. Hewitt            KAVON, DENZEL FORD
NOTARY PUBLIC                 Notary Public                By: *Kavon*
                      State Of New York, Westchester County
                             01HE6332259
                      Commission Expires 10-26-20            ALL RIGHTS RESERVED
PLEASE SEND ALL CORRESPONDENCE CERTIFIED MAIL TO THE FOLLOWING :
KAVON FORD -0000250531
C/O Westchester D.O.C legal department, 10 Woods Rd Vahalla
N.Y 10595.

                                        D.V.F BOND NO.113910001
                                        N.Y UCC 1-307

                                        PRIMA FACIE EVIDENCE

**FiNGERHUT**
6250 Ridgewood Road
St. Cloud, MN 56303

2NW15

CO



016H26511896

$ 00.460

10/04/2017

Mailed From  56303

US POSTAGE

Hasler



**FINGERHUT**
6250 Ridgewood Road
St. Cloud, Minnesota 56303

September 29, 2017
Customer #: 3669477857

KAVON FORD
10 WOODS RD
VAHALLA NY 10595

Dear Customer:
This letter is in response to your request for validation of your WebBank/Fingerhut Credit
Account. Our records indicate your account was opened when you placed your order on line,
therefore the application process was processed on line. Enclosed is a copy of your account
statement.

If you have additional questions, please contact us at the address listed above or by calling us
toll-free at 1-866-734-0342, Monday-Friday, 9:00 AM -6:00 PM Central Time.

Sincerely,

Fingerhut

The Fingerhut Credit Account is issued by WebBank, Salt Lake City, UT.

Enclosure

4521

Friday, September 29, 2017 9:07 AM   9

```
Fingerhut              Req Date - 09/29/2017   CO Date - 08/23/2017
Acct Open 01/19/2017
Account # 3669477857  Customer Name - KAVON   FORD
Card # - xxxxxxxxxxxx1486
```

| DatePosted | Description | Amount |
|---|---|---|
| 01/19/2017 | Acer CB313 11.6" Denim White C / Shipped | $254.99 |
| 01/19/2017 | S & H | $19.99 |
| 01/20/2017 | Purchase | $274.98 |
| 01/26/2017 | Statement Balance | $274.98 |
| 02/22/2017 | LateCharge | $20.99 |
| 02/26/2017 | Interest | $5.89 |
| 02/26/2017 | Statement Balance | $301.86 |
| 03/22/2017 | LateCharge | $38.00 |
| 03/26/2017 | Interest | $6.53 |
| 03/26/2017 | Statement Balance | $346.39 |
| 04/21/2017 | LateCharge | $38.00 |
| 04/26/2017 | Interest | $7.53 |
| 04/26/2017 | Statement Balance | $391.92 |
| 05/26/2017 | Interest | $8.37 |
| 05/26/2017 | Statement Balance | $400.29 |
| 06/26/2017 | Interest | $8.55 |
| 06/26/2017 | Statement Balance | $408.84 |
| 07/26/2017 | Interest | $8.82 |
| 07/26/2017 | Statement Balance | $417.66 |
| 08/23/2017 | COPrincipal | $274.98 |
| 08/23/2017 | COFinChrg | $45.69 |
| 08/23/2017 | COLateFee | $96.99 |

EXHIBIT
D

EXHIBIT
D

NEW YORK THE STATE
                    SS:
COUNTY OF WESTCHESTER


IN THE MATTER OF,
KAVON DENZEL FORD                                    NOTICE OF
                                                    DEFAULT AND
                                                    INVOICE.
        -AND-


BLUESTEM BRANDS INC.
D/B/A FINGER HUT.


NOTIOCE TO AGENT IS NOTICE TO PRINCIPAL.
NOTICE TO PRINCIPAL IS NOTICE TO AGENT.


PLEASE TAKE NOTICE that on the date of October 4th, 2017 KAVON
FORD has caused a NOTICE OF DEFAULT to be served on you. This
is to provide notice that you are in default. You have the
Oppourtunity to cure this default by providing payment in the
sum certain amount of $150,000.00  USD. That your default
constitutes a confessed judge and tacit consent and agreement
to the provisions of The Notice of Security Agreement for failure
to perfom . You are in default. NOTICE OF SECURITY AGREEMENT
shall execute .


_____

Please send all correspondence certified mail to:
KAVON FORD c/o Westchester Department of corrections legal
Department, 10 woods Rd vahalla N.Y 10595.


Sworn to before me
This  1st   Day of NOVEMBER, 2017 .
_____                        _____
Notary Public                          By:     KAVON DENZEL FORD
NO. 01HE6332259                                 Kavon Ford
Qualified in Westchester Conty                  All Rights Reserved.
Term Expires 10, 26, 19
Dated: 11   / 01   2017

That this notice has been mailed to Bluestem Brands Inc. D/B/A
Fingerhut; this notice was presented for acceptance.

Robrt
Ridgewood 101
Close, MN 56303

2MW.15

Kavon Ford - 000250531
C/O Westchester D.O.C.
Legal Department.
10 Woods Rd
Valhalla, NY 10595

CO



Hasler

ⁱˡˡˡ 46510846
$001.61⁰
11/15/2017
Mailed From 56303
US POSTAGE

# FINGERHUT

6250 Ridgewood Rd St. Cloud, MN  56303

November 13, 2017

Kavon Ford - 0000250531
C/O Westchester D.O.C
Legal Department
10 Woods Road
Vahalla, NY 10595

Ref. #3669477857

Dear Mr. Ford,

We have received your additional request for validation of debt regarding your
WebBank/Fingerhut credit account. Enclosed is a statement of account activity and copies of all
statements.

According to our records, Fingerhut responded to your correspondence mailed on September
19, 2017 and October 10, 2017. We apologize if you did not receive them.

The WebBank/Fingerhut credit account ending in 1486 was opened on January 19, 2017 when
an application for credit was processed online. During the application process the customer
clicks the box that states "Yes I accept these terms. Clicking submit constitutes my signature to
this application for credit." The name, physical address, Social Security number, and date of
birth had successful validation by our automated underwriting system and the customer data
was matched against independent third party data. Additionally, there were no fraud indicators
with the application. The credit application was approved with a credit limit of $300.00.

One order was placed on January 19, 2017 for an Acer Chromebook 11.6" HD 2GB Google
Chrome Laptop. The merchandise was shipped via USPS to the address on the credit
application.

As no payments were received, the account charged off on August 23, 2017 with an unpaid
balance of $417.66.

According to an account review on October 18, 2017, Equifax, Trans Union and Experian are
reporting accurately as charged off with a balance of $417.00.



We cannot revise the information we are reporting to the credit bureaus as we are required by law to furnish accurate reporting. Please reference the Reporting and Monitoring section of our terms and conditions that was included in your Welcome Packet. It states:

> "If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit records can be submitted to one or more credit reporting agencies."

Conversely, accounts that are in good standing will be reported as well.

If you still have questions about your account regarding what has or has not been reported to the credit bureaus, please contact Equifax at 1-888-685-1111, TransUnion at 1-800-680-7289 or Experian at 1-888-391-3742.

Since you deny authorizing the credit application matching your personally identifiable information, we referred this matter to our Fraud Department for review. Our Fraud Department has not determined that the application is fraudulent, a police report will only be considered by Fingerhut's Fraud Department to continue their investigation if it contains new information. In order to continue processing a claim of fraudulent account opening, Fingerhut asks you to file a police report and send a copy to the following address:

Fingerhut
Attn: Fraud Department
6250 Ridgewood Road
St. Cloud, MN 56303

You may also fax the police report to 1-320-654-3901 Attn: Fraud. Please include the customer or account number on the fax so we can locate the account.

If you have further questions or concerns during the process, you may contact the Fraud Department at 1-320-654-3888. Their hours are Monday – Friday 8:00am – 6:00pm Central Time.

If you still have questions about your account regarding what has or has not been reported to the credit bureaus, you may contact Equifax at 1-888-685-1111, TransUnion at 1-800-680-7289 or Experian at 1-888-391-3742.

Sincerely,

Chris Lindquist
Executive Care Team
CL/lg

Enclosures

# FINGERHUT

6250 Ridgewood Road St.
Cloud, MN 56303

**First Name**  KAVON          **Last Name**  FORD

**Account Number**  XXX-XXX-7857      **Card Number**  XXXX-XXXX-XXXX-1486

**Date Account Open**  01/19/2017

| Post Date | Transaction Description | Amount |
|---|---|---|
| 07/26/2017 | Interest Charge | 8.82 |
| 06/26/2017 | Interest Charge | 8.55 |
| 05/26/2017 | Interest Charge | 8.37 |
| 04/26/2017 | Interest Charge | 7.53 |
| 04/21/2017 | Late Fee | 38.00 |
| 03/26/2017 | Interest Charge | 6.53 |
| 03/22/2017 | Late Fee | 38.00 |
| 02/26/2017 | Interest Charge | 5.89 |
| 02/22/2017 | Late Fee | 20.99 |
| 01/20/2017 | Sale | 274.98 |
| | *Acer CB313 11.6" Denim White C* | |
| | **TOTAL** | **$417.66** |

EXHIBIT

E

EXHIBIT

E

NEW YORK THE STATE
                    Ss:
COUNTY OF WESTCHESTER (R)


IN THE MATTER OF,
KAVON DENZEL FORD ,Creditor



        -AND-                        N O T A R Y
                        CERTIFICATE OF DEFAULT
                                of 6
                          $ 25,000.00 U.S.D
BLUESTEM BRANDS INC.        Twenty Five Thousand Dollars
D/B/A FINGERHUT.
                ,Debtor


BE IT KNOWN TO ALL MEN That the undersigned duly empowered NOTARY
PUBLIC in and for the STATE OF NEW YORK, COUNTY OF WESTCHESTER
being a neutral third party and not a party to the matter, for
the purpose of affirming a proper response and or want thereof,
affirm the following:

That KAVON FORD has caused a Debt Validation Fidelity Bond No.11-
3910001 to be served on BLUESTEM BRANDS INC. D/B/A FINGERHUT
requesting for a Debt validation, providing an offer of
performance, disclosure statement, security agreement and
tendered a Certified promissory note.
DEFAULT. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has defaulted
and is now in default, the matter involves liability in the
amount of $ 150,000.00 (One Hundred and Fifty Thousand Dollars).
NOTICE. That notice has been served on BLUESTEM BRANDS INC. D/B/A
FINGERHUT followed after NOTICE OF FAULT AND NOTICE OF DEFAULT.
DELIVERY. That this certificate has been delivered to and in
benefit of KAVON DENZEL FORD on the date of___11__/_28___/2017.


SUBSCRIBED AND
SWORN  TO  BEFORE  ME
THIS ___29th_____  DAY OF November, 2017.

_____
NOTARY PUBLIC

        KASEITHIA M. HEWITT
    NOTARY PUBLIC STATE OF NEW YORK
          NO.01HE6332259
    QUALIFIED IN WESTCHESTER COUNTY
    TERM EXPIRES OCTOBER 26, 20 19

        Official Seal or Stamp
        (such as corporate seal
        signature guaranteed
        stamp, or medallion stamp)

        D.V.F Bond No.113910001
        Prima Facie Evidence of
        Indebtedness
           [NY UCC 1-307]

NEW YORK THE STATE

                Ss:

COUNTY OF WESTCHESTER (R)


IN THE MATTER OF,

KAVON DENZEL FORD ,Creditor


    –AND–

                        N O T A R Y
                CERTIFICATE OF DEFAULT
                        of 6
                  $ 25,000.00 U.S.D

BLUESTEM BRANDS INC.       Twenty Five Thousand Dollars

D/B/A FINGERHUT.

          ,Debtor


BE IT KNOWN TO ALL MEN That the undersigned duly empowered NOTARY
PUBLIC in and for the STATE OF NEW YORK, COUNTY OF WESTCHESTER
being a neutral third party and not a party to the matter, for
the purpose of affirming a proper response and or want thereof,
affirm the following:

That KAVON FORD has caused a Debt Validation Fidelity Bond No.11-
3910001 to be served on BLUESTEM BRANDS INC. D/B/A FINGERHUT
requesting for a Debt validation, providing an offer of
performance, disclosure statement, security agreement and
tendered a Certified promissory note.
DEFAULT. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has defaulted
and is now in default, the matter involves liability in the
amount of $ 150,000.00 (One Hundred and Fifty Thousand Dollars).
NOTICE. That notice has been served on BLUESTEM BRANDS INC. D/B/A
FINGERHUT followed after NOTICE OF FAULT AND NOTICE OF DEFAULT.
DELIVERY. That this certificate has been delivered to and in
benefit of KAVON DENZEL FORD on the date of _11_ / _29_ /2017.


SUBSCRIBED AND
SWORN TO BEFORE ME
THIS   09      DAY OF November, 2017.

_____
NOTARY PUBLIC

      KASEITHIA M. HEWITT
   NOTARY PUBLIC STATE OF NEW YORK
       NO.01HE6332259
  QUALIFIED IN WESTCHESTER COUNTY
  TERM EXPIRES OCTOBER 26, 20_19_

    Official Seal or Stamp
    (such as corporate seal
    signature guaranteed
  stamp. or medallion stamp)

_____
D.V.F Bond No.113910001
Prima Facie Evidence of
Indebtedness
   [NY UCC 1-307]

NEW YORK THE STATE
              Ss:
COUNTY OF WESTCHESTER (R)


IN THE MATTER OF,
KAVON DENZEL FORD ,Creditor



        N O T A R Y
CERTIFICATE OF DEFAULT
        of 6
$ 25,000.00 U.S.D
Twenty Five Thousand Dollars

    -AND-


BLUESTEM BRANDS INC.
D/B/A FINGERHUT.
           ,Debtor


BE IT KNOWN TO ALL MEN That the undersigned duly empowered NOTARY
PUBLIC in and for the STATE OF NEW YORK, COUNTY OF WESTCHESTER
being a neutral third party and not a party to the matter, for
the purpose of affirming a proper response and or want thereof,
affirm the following:

That KAVON FORD has caused a Debt Validation Fidelity Bond No.11-
3910001 to be served on BLUESTEM BRANDS INC. D/B/A FINGERHUT
requesting for a Debt validation, providing an offer of
performance, disclosure statement, security agreement and
tendered a Certified promissory note.
DEFAULT. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has defaulted
and is now in default, the matter involves liability in the
amount of $ 150,000.00 (One Hundred and Fifty Thousand Dollars).
NOTICE. That notice has been served on BLUESTEM BRANDS INC. D/B/A
FINGERHUT followed after NOTICE OF FAULT AND NOTICE OF DEFAULT.
DELIVERY. That this certificate has been delivered to and in
benefit of KAVON DENZEL FORD on the date of ___11___/__29__/2017.


SUBSCRIBED AND
SWORN TO BEFORE ME
THIS   09          DAY OF November, 2017.

_____
NOTARY PUBLIC

    KASEITHIA M. HEWITT
NOTARY PUBLIC STATE OF NEW YORK
    NO.01HE6332259
QUALIFIED IN WESTCHESTER COUNTY
TERM EXPIRES OCTOBER 26, 20_19_

    **Official Seal or Stamp**
    (such as corporate seal
    signature guaranteed
    stamp, or medallion stamp)

_____
D.V.F Bond No.113910001
Prima Facie Evidence of
Indebtedness
  [NY UCC 1-307]

NEW YORK THE STATE
                          Ss:
COUNTY OF WESTCHESTER (R)


IN THE MATTER OF,
KAVON DENZEL FORD ,Creditor



        -AND-

                                    N O T A R Y
                            CERTIFICATE OF DEFAULT
                                    of 6
                            $ 25,000.00 U.S.D
                            Twenty Five Thousand Dollars

BLUESTEM BRANDS INC.
D/B/A FINGERHUT.
                ,Debtor


BE IT KNOWN TO ALL MEN That the undersigned duly empowered NOTARY
PUBLIC in and for the STATE OF NEW YORK, COUNTY OF WESTCHESTER
being a neutral third party and not a party to the matter, for
the purpose of affirming a proper response and or want thereof,
affirm the following:

That KAVON FORD has caused a Debt Validation Fidelity Bond No.11-
3910001 to be served on BLUESTEM BRANDS INC. D/B/A FINGERHUT
requesting for a Debt validation, providing an offer of
performance, disclosure statement, security agreement and
tendered a Certified promissory note.
DEFAULT. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has defaulted
and is now in default, the matter involves liability in the
amount of $ 150,000.00 (One Hundred and Fifty Thousand Dollars).
NOTICE. That notice has been served on BLUESTEM BRANDS INC. D/B/A
FINGERHUT followed after NOTICE OF FAULT AND NOTICE OF DEFAULT.
DELIVERY. That this certificate has been delivered to and in
benefit of KAVON DENZEL FORD on the date of___11__/__29__/2017.


SUBSCRIBED AND
SWORN   TO   BEFORE   ME
THIS  29      DAY OF November, 2017.

_____
NOTARY PUBLIC

        KASEITHIA M. HEWITT
   NOTARY PUBLIC STATE OF NEW YORK
         NO. 01HE6332259
   QUALIFIED IN WESTCHESTER COUNTY
   TERM EXPIRES OCTOBER 26, 20__19__

   Official Seal or Stamp
   (such as corporate seal
    signature guaranteed
   stamp, or medallion stamp)

                            _____
                            D.V.F Bond No.113910001
                            Prima facie Evidence of
                            Indebtedness
                            [NY UCC 1-307]

NEW YORK THE STATE
                    Ss:
COUNTY OF WESTCHESTER (R)


IN THE MATTER OF,
KAVON DENZEL FORD ,Creditor


            -AND-                                    N O T A R Y
                                            CERTIFICATE OF DEFAULT
                                                     of 6
                                            $ 25,000.00 U.S.D
BLUESTEM BRANDS INC.                        Twenty Five Thousand Dollars
D/B/A FINGERHUT.
                    ,Debtor


BE IT KNOWN TO ALL MEN That the undersigned duly empowered NOTARY
PUBLIC in and for the STATE OF NEW YORK, COUNTY OF WESTCHESTER
being a neutral third party and not a party to the matter, for
the purpose of affirming a proper response and or want thereof,
affirm the following:

That KAVON FORD has caused a Debt Validation Fidelity Bond No.11-
3910001 to be served on BLUESTEM BRANDS INC. D/B/A FINGERHUT
requesting for a Debt validation, providing an offer of
performance, disclosure statement, security agreement and
tendered a Certified promissory note.
DEFAULT. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has defaulted
and is now in default, the matter involves liability in the
amount of $ 150,000.00 (One Hundred and Fifty Thousand Dollars).
NOTICE. That notice has been served on BLUESTEM BRANDS INC. D/B/A
FINGERHUT followed after NOTICE OF FAULT AND NOTICE OF DEFAULT.
DELIVERY. That this certificate has been delivered to and in
benefit of KAVON DENZEL FORD on the date of __11__/_29__/2017.


SUBSCRIBED AND
SWORN   TO   BEFORE   ME
THIS  29       DAY OF November, 2017.

NOTARY PUBLIC

        KASEITHIA M. HEWITT
NOTARY PUBLIC STATE OF NEW YORK
        NO.01HE6332259
QUALIFIED IN WESTCHESTER COUNTY        D.V.F Bond No.113910001
TERM EXPIRES OCTOBER 26, 20 19         Prima Facie Evidence of
                                       Indebtedness
    Official Seal or Stamp             [NY UCC 1-307]
   (such as corporate seal
    signature guaranteed
  stamp. or medallion stamp)

NEW YORK THE STATE
                    Ss:
COUNTY OF WESTCHESTER (R)


IN THE MATTER OF,
KAVON DENZEL FORD ,Creditor



                -AND-

                                    N O T A R Y
                            CERTIFICATE OF DEFAULT
                                    of 6
                            $ 25,000.00 U.S.D
BLUESTEM BRANDS INC.                Twenty Five Thousand Dollars
D/B/A FINGERHUT.
                    ,Debtor


BE IT KNOWN TO ALL MEN That the undersigned duly empowered NOTARY
PUBLIC in and for the STATE OF NEW YORK, COUNTY OF WESTCHESTER
being a neutral third party and not a party to the matter, for
the purpose of affirming a proper response and or want thereof,
affirm the following:

That KAVON FORD has caused a Debt Validation Fidelity Bond No.11-
3910001 to be served on BLUESTEM BRANDS INC. D/B/A FINGERHUT
requesting for a Debt validation, providing an offer of
performance, disclosure statement, security agreement and
tendered a Certified promissory note.
DEFAULT. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has defaulted
and is now in default, the matter involves liability in the
amount of $ 150,000.00 (One Hundred and Fifty Thousand Dollars).
NOTICE. That notice has been served on BLUESTEM BRANDS INC. D/B/A
FINGERHUT followed after NOTICE OF FAULT AND NOTICE OF DEFAULT.
DELIVERY. That this certificate has been delivered to and in
benefit of KAVON DENZEL FORD on the date of __11_/_29_/2017.


SUBSCRIBED AND
SWORN   TO   BEFORE   ME
THIS _29_       DAY OF November, 2017.

_____
NOTARY PUBLIC

        KASEITHIA M. HEWITT
    NOTARY PUBLIC STATE OF NEW YORK
            NO. 01HE6332259
    QUALIFIED IN WESTCHESTER COUNTY          D.V.F Bond No.113910001
    TERM EXPIRES OCTOBER 26, 20_19_          Prima Facie Evidence of
                                             Indebtedness
        Official Seal or Stamp               [NY UCC 1-307]
        (such as corporate seal
          signature guaranteed
        stamp, or medallion stamp)

NEW YORK THE STATE
                              Ss:
COUNTY OF WESTCHESTER


IN THE MATTER OF,
KAVON DENZEL FORD, Creditor

                                        AFFIDAVIT OF DEFAULT
                                                AND
          -AND-                          CLAIM OF LIEN.
                                        A FLOATING LIEN.

BLUESTEM BRANDS INC.
D/B/AFINGERHUT
              , Debtor


              A F F I D A V I T   O F   D E F A U L T.


KNOWN TO ALL MEN BY THESE PRESENTS, That the affiant and
undersigned herein being duly sworn deposes and states the
following:


1. That I, KAVON FORD is over the age of eighteen is of sound
   mind and fully competent to state the matters set forth below.

2. That on the date of April 13th, 2017, KAVON FORD has caused a
   Debt Validation and Fidelity Bond No.113910001 to be served
   on BLUESTEM BRANDS INC. D/B/A FINGERHUT requesting a Debt
   Validation, proof of claim, disclosure statement, offer of
   performance and tendered a certified promissory note, sent
   certified mail return receipt requested No.7016 2070 0001
   0909 9380.

3. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has failed to
   respond and perform in accordance with the terms of The Debt
   Validation Fidelity Bond No.113910001, including but not
   limited to the F.D.C.P.A [15 USC 1692g] and applicable
   portions of The truth in Lending Act within a 120
   (One hundred and Twenty ) day grace period given to ensure
   a proper response or performance in good faith.

4. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has continued to
   collect on an invalid debt after receipt of the request for
   Validation per Debt Validation Fidelity Bond No.113910001
   in violation of the Bond Terms including but not limited to
   the F.D.C.P.A [15 USC 1692g] and failed to perform and
   validate the alledged debt and defaulted on the Debt
   Validation Fidelity Bond No.113910001.

5. That KAVON FORD has caused a NOTICE OF KNOWLEDGE OF CONTRACT
   ESTOPPEL FAULT AND OPPOURTUNITY TO CURE IN REQUEST FOR DEBT
   VALIDATION in connection to Debt Validation Fidelity Bond No.
   113910001 to beserved on BLUESTEM BRANDS INC. D/B/A
   FINGERHUT providing an oppourtunity to cure such fault and
   perform under said Debt Validation Fidelity Bond No.11391-
   0001 sent certified mail no. 7016 2710 0000 2005 8535 in good
   faith. The Notice was dated on September 11th, 2017.

6. That on the date of September 29th, 2017 BLUESTEM BRANDS INC.
   D/B/A FINGERHUT issued a letter purporting to be a response
   to a request for a Debt Validation to KAVON FORD stating the
   account was opened by order placement online, and the
   application process was processed online. The letter contained
   an enclosed statement of account bearing no signature with
   ref#4521, issued in non-compliance with the provisions of
   Debt Validation Fidelity Bond at.No.11.,12.,13.,14.,& 15.
   constituting tacit admission that BLUESTEM BRANDS INC. D/B/A
   FINGERHUT has no lawful Bonafide and verifiable claim and
   tacitly agrees to compensate KAVON FORD for all costs, fees,
   expenses, federal Violations and damages incurred in the
   sum certain amount of $150,000.00 (One Hundred and Fifty
   Thousand Dollars). The letter was mailed on Oct. 4th, 2017.

7. That on the date of Oct. 4th, 2017 KAVON FORD has caused a
   NOTICE OF DEFAULT to be served on BLUESTEM BRANDS INC.
   D/B/A FINGERHUT providing a complete performance/validation
   in accordance to the Bond terms or payment in full of the
   sum certain amount of $ 150,000.00 (One Hundred and Fifty
   Thousand Dollars) to cure such default in good faith.

8. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has not sent any
   correspondence in refference to a NOTICE OF DEFAULT and
   KAVON FORD has not recieved any response.

9. That on the date of Nov. 1st, 2017 KAVON FORD has caused a
   NOTICE OF DEFAULT to be served on BLUESTEM BRANDS INC.
   D/B/A FINGERHUT providing a NOTICE OF DEFAULT on Debt
   Validation Fidelity Bond no.113910001, execution of
   security agreement and an oppourtunity to cure such by
   providing payment in full issued in good faith.

10 That on the date of Nov 13th, 2017 BLUESTEM BRANDS INC.
   D/B/A FINGERHUT has caused to be sent a letter acknowledging
   the additional request for validation of debt in connection
   with Debt Validation Fidelity Bond No.113910001 ensuring that
   responses were issued to KAVON FORD for two previous
   notices.

11. That on the date of Nov. 13th, 2017 BLUESTEM BRANDS INC.
D/B/A FINGERHUT has caused to be sent a letter providing
a statement of account and statement copies contrary to the
provisions of Debt validation fidelity Bond at No.12
constituting tacit admission, confession and agreement that
BLUESTEM BRANDS INC. D/B/A FINGERHUT has no lawful Bonafide
, verifiable claim.

12. That on the date of Nov. 13th, 2017 BLUESTEM BRANDS INC.
D/B/A FINGERHUT has caused to be sent a letter alledging
KAVON FORD's denial of authorizing the credit application
matching his personal information and refferring the matter
to its fraud department contrary to Debt Validation Fidelity
Bond at No.7.,9.,& 14.

13. That BLUESTEM BRANDS INC. D/B/A FINGERHUT by its letter dated
Nov. 13th, 2017 has misrepresented the character of the
alledged debt and legal status by way of a false statement
being that KAVON FORD never stated that he did or didn't
authorize the credit application and the letter was not
signed and made by affidavit, oath, or deposition in
non-compliance with the provisions of Debt Validation
Fidelity Bond No.113910001.

14. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has cancelled the
item order on 1/20/2017 1 day after the account opening
eliminating the possibility of an exchange, notifying KAVON
FORD of the cancellation by letter dated 1/20/2017
ref # F9050.

15. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has failed to
address Debt Validation Fidelity Bond at No.1 with
documentary evidence providing for KAVON FORD's receipt of
an item given in consideration of the extension of credit
after the item was cancelled on 1/20/2017.

16. That BLUESTEM BRANDS INC. D/B/A FINGERHUT cannot prove that
KAVON FORD has received any item in consideration of an
extension of credit and refuses to address the possibility
of an administrative error and or Postal liability
associated in bad faith.

17. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has accepted the
offer of performance, has not rejected the offer of perfor-
mance, or objected regarding the mode of offer, constituting
a tacit acceptance of such offer of performance indicated by
silence or silent acquiescence and agreement and has failed
to perform.

18. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has not presented or demonstrated a proper performance in accordance with the terms of the offer of performance No.3(c)(e).,4.,5.,7.,&8. constituing a tacit admission and agreement that BLUESTEM BRANDS INC. D/B/A FINGERHUT has no Bonafide, Lawful Claim , waives any and all claims against KAVON FORD, and must compensate KAVON FORD for all costs, fees, damages and violation of law incurred in the sum certain amount of $150,000.00 (One Hundred and Fifty Thousand dollars).

19. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has not completed the debt collection disclosure statement in accordance with the Debt Validation Fidelity Bond to ensure verification of debt validation in accordance with law [15 USC 1692g] constituting tacit admission and agreement that BLUESTEM BRANDS INC. D/B/A FINGERHUT has no lawful Bonafide, Verifiable claim, waives any and all claims against KAVON FORD and indemnifies and hold harmless KAVON FORD against any and all, costs, fees, and damage hereto fore and herein-after incurred.

20. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has received a Tender of payment from KAVON FORD in the form of a unconditional certified promissory note no.113910001 constituting tender of payment [NY UCC 3-604], and BLUESTEM BRANDS INC. D/B/A FINGERHUT has not refused the mode of tender with an implied acceptance.

21. That BLUESTEM BRANDS INC. D/B/A FINGERHUT has not presented certified promissory note no.113910001 within its expiration date and made no request for an extension of time with good cause shown tacitly consenting and agreeing that BLUESTEM BRANDS INC. D/B/A FINGERHUT has no lawful Bonafide, Verifiable claim and is in default of Debt Validation Fidelity Bond No.113910001 confessing judgement.

22. That the certified promissory note no.113910001 has been either, altered, destroyed, sold, damaged, or materially altered which triggers discharge. [ NY UCC 3-603].

23. **That by reason of the foregoing BLUESTEM BRANDS INC. D/B/A FINGERHUT is in default and tacitly agrees to a confessed Judgement and tacitly admits implied under the** circumstances and is given actual and constructive NOTICE thereof.

[ A POINT OF FACT IN LAW ].

[ A POINT OF FACT IN LAW ].

C L A I M     O F     L I E N.

24. That by virtue of a default on Debt Validation Fidelity Bond No.113930001, its NOTICE OF SECURITY AGREEMENT activates and self-executes as a Security Agreement wherein **BLUESTEM BRANDS INC. D/B/A FINGERHUT** is Debtor and **Ford, Kavon Denzel/ KAVON DENZEL FORD** is Secured Party Bond Creditor according to its terms.

25. That The Debt Validation Fidelity Bond No.113910001 with its associated documents, Certificates of Default, Affidavit of Default and Claim of Lien a complete Security instrument and an account receivable. This defaulted Bond is a Private International Executory Due process, summary in nature and is an authenticated Act which imports a Confessed Judgement. Activation of Self-Executing Security Agreement D.V.F Bond No .133910001 by evidence of default incorporated and made apart hereto are authenticated Certificates of Default issued at the instance of default on Debt Validation Fidelity Bond No.113910001. The Certificates of default are prima facie evidence of indebtedness for a sum certain amount of $ 150,000.00 (One Hundred Thousand Dollars), consisting of a six series with features of both Debt and Equity, Bond and Stock as being a Stock derivative, to which its equitable nature can be treated as Common and or Prefferred Stock at the option of the holder. This Lien shall attach and cover all personal and real property identified in the NOTICE OF SECURITY AGREEMENT D.V.F Bond No.113910001 and against the property attached and described in the annexed schedule "A".

THIS LIEN IS NOT TO BE FILED UNTIL EXACT DEFAULT.
THIS LIEN IS A DEFINITE
STAKE.
THIS DEFINITE STAKE IS HELD IN:
Bluestem Brands Inc. D/B/A FINGERHUT.
THIS LIEN CANNOT BE REMOVED IN BANKRUPTCY COURT.
THIS LIEN EXPIRES IN NINETY NINE YEARS (99).
THIS LIEN CAN ONLY BE SATISFIED BY:
(1) Payment in Full.
(2) Rebuttal Point by Point by Oath, Affirmation,
    Affidavit, or Deposition.
(3) Agreement or;
(4) Resolution by a Jury.
That the undersigned NOTARY PUBLIC in and for The STATE OF NEW YORK, COUNTY OF WESTCHESTER being a neutral third party and not a party to the matter, for the sole purpose of affirming a proper response and or want thereof at the request of KAVON FORD did present this document to: BLUESTEM BRANDS INC. D/B/A FINGERHUT 7075, Flying Cloud Drive, Eden Prairie, MN 55344.

SUBSCRIBED AND
SWORN TO BEFORE ME
THIS 29 DAY OF November, 2017.

Notary Public

KASEITHIA M. HEWITT
NOTARY PUBLIC STATE OF NEW YORK
NO.01HE6332259
QUALIFIED IN WESTCHESTER COUNTY
TERM EXPIRES OCTOBER 26, 20 19

KAVON DENZEL FORD
By:

KAVON FORD - 15A2891
C/O AUBURN CORRECTIONAL FACILITY
P.O. BOX 618
AUBURN, NEW YORK, 13024

USM P3
SDNY

LAW LIBRARY

LEGAL MAIL

U.S. POSTAGE ⟫ PITNEY BOWES

ZIP 13021   $ 007.15⁰
02 1W
0001387039 MAR 23 2018

AUBURN CORRECTIONAL FACILITY

UNITED STATES DISTRICT
COURT
SOUTHERN DISTRICT OF
NEW YORK
500 Pearl St
New York, New York 10007
ATTN: RM 200

UNITED STATES POSTAL SERVICE®
USPS TRACKING #

9114 9014 9645 1478 7315 41