```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
KAVON DENZEL FORD,                           :
                    Plaintiff,                :
                                              :           **OPINION AND ORDER**
v.                                            :
                                              :           18 CV 2695 (VB)
BLUESTEM BRANDS, INC.,                        :
                    Defendant.                :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Kavon Denzel Ford, proceeding pro se and in forma pauperis, brings this action against online retailer Bluestem Brands, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., as well as breach of contract.

Before the Court is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. #15).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint[1] and draws all reasonable inferences in plaintiff's favor, as summarized below.

---

[1] The Court also considers the exhibits attached to plaintiff's complaint. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).


```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
KAVON DENZEL FORD,                            :
                    Plaintiff,                :
                                              :    OPINION AND ORDER
v.                                            :
                                              :    18 CV 2695 (VB)
BLUESTEM BRANDS, INC.,                        :
                    Defendant.                :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Kavon Denzel Ford, proceeding pro se and in forma pauperis, brings this action against online retailer Bluestem Brands, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., as well as breach of contract.

Before the Court is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. #15).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint[1] and draws all reasonable inferences in plaintiff's favor, as summarized below.

---

[1] The Court also considers the exhibits attached to plaintiff's complaint. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

Defendant, an online retailer doing business as Fingerhut, allows customers to apply for a line of credit through its website, purchase items, and pay for those items in monthly installments.

On January 19, 2017, plaintiff alleges he opened an account with defendant with a $300 credit line and placed an order for a laptop computer. According to plaintiff, defendant sent plaintiff a letter dated January 20, 2017, informing plaintiff that his order for the laptop was canceled because defendant could not confirm plaintiff's payment or address information, and inviting him to update the information. (Compl. Ex. A at 19).[2] Plaintiff alleges he never received the laptop, and defendant "cannot prove" plaintiff did. (Id. ¶ 65).

On February 21 and 24, 2017, plaintiff alleges defendant sought to collect payment for the laptop. According to plaintiff, he told defendant he never received the computer, disputed the payment, and required that all future communications be by mail. Despite this notification, plaintiff alleges he received "harassing calls" from defendant "every day[,] sometimes twice a day." (Compl. ¶ 48). On March 27, 2017, defendant sent plaintiff a letter noting the company's records reflected plaintiff's revocation of consent to being contacted by telephone.

On April 13, 2017, plaintiff alleges he served defendant with a document he entitled "Debt Validation Fidelity Bond." (Compl. Ex. A at 15). In the document, plaintiff alleges defendant never fulfilled plaintiff's order for a laptop, and despite this cancelation, still sought to collect $346. Plaintiff attached to the document "payment" for the debt in the form of a "Certified Promissory Note" and "Offer of Performance." (Id. at 16–17). Further, plaintiff noted

---

[2]     Citations to the complaint's exhibits reflect the page numbers automatically assigned by the Court's Electronic Case Filing system.

defendant "tacitly agrees" to compensate plaintiff $150,000 for expenses defending against defendant's collection attempts. (Id. at 18).

For the next three months, plaintiff alleges he sought to collect the $150,000 that, according to plaintiff, defendant had "tacitly agreed" to pay. Plaintiff claims he served requests for payment and "notices of default" on September 11, October 4, and November 1, 2017. (Compl. ¶ 54, Ex. C at 67, Ex. D at 72).

According to documents attached to the complaint, defendant responded by letter dated September 29, 2017, attaching an account statement and noting plaintiff opened his account on January 19, 2017, with the purchase of a laptop. Defendant sent plaintiff another letter dated November 13, 2017, further stating that because plaintiff denies authorizing the credit application, the matter had been referred to the fraud department for review. The letter also states plaintiff's debt was "charged off," presumably meaning it was sent to a collection agency, on August 23, 2017, with an unpaid balance of $417. (Compl. Ex. D at 74).

## DISCUSSION

I.  Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the sufficiency of the complaint under the "two-pronged approach" outlined by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements as a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiffs have not pleaded. Id.

II. Fair Debt Collection Practices Act

Defendant argues plaintiff's FDCPA claims fail because plaintiff does not allege defendant is a "debt collector" as defined by the statute.

The Court agrees.

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Under the FDCPA, debt collectors do not include entities collecting a debt "which was not in default at the time it was obtained." See 15 U.S.C. § 1692a(6)(F); see also Gabriele v. Am. Home Mortg. Servicing, Inc., 503 F. App'x 89, 96–97 (2d Cir. 2012) (summary order) (noting plaintiff failed to allege defendant "acquired [plaintiff's]

debt before it was in default and so fail[ed] plausibly to allege that [defendant] qualifies as a debt collector under the FDCPA").[3]

Plaintiff argues a 2015 decision by the Mt. Vernon City Court suggests defendant is, in fact, a debt collector. Midland Funding LLC v. Austinnam, 7 N.Y.S.3d 243 (Mount Vernon City Ct. 2015) (table). In that case, which concerned a default judgment, the plaintiff claimed another bank, not Bluestem, was the original creditor of the plaintiff's account. Plaintiff argues the same circumstances likely apply in the instant case. However, plaintiff alleges no facts to suggest another bank was involved. Indeed, defendant originated every communication, from application through debt collection, that plaintiff references and attaches to the complaint. The Court need not credit allegations in plaintiff's opposition that contradict documents attached to the complaint. Jimenez v. Sommer, 2017 WL 3268859, at *2 (S.D.N.Y. July 28, 2017).

Because the complaint and its exhibits show defendant serviced plaintiff's account well before plaintiff allegedly owed a debt, defendant is not a debt collector under the statute, and plaintiff cannot state FDCPA claims against defendant.

Accordingly, plaintiff's FDCPA claims are dismissed.

III.     Telephone Consumer Protection Act

Defendant argues plaintiff's TCPA claim fails because plaintiff fails to allege defendant called plaintiff without his prior consent.

The Court agrees.

The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic

---

[3] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

telephone dialing system or an artificial prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). "To state a claim under the TCPA, a plaintiff must allege that: (1) a call was placed to a cell or wireless phone; (2) by the use of any automatic dialing system [and/or leaving an artificial or prerecorded message] and (3) without prior consent of the recipient." Jennings v. Cont'l Serv. Grp., Inc., 239 F. Supp. 3d 662, 665 (W.D.N.Y. 2017) (alterations in original). The TCPA "does not permit a party who agrees to be contacted as part of a bargained-for exchange to unilaterally revoke that consent." See Reyes v. Lincoln Auto. Fin. Servs., 861 F.3d 51, 56 (2d Cir. 2017), as amended (Aug. 21, 2017).

Plaintiff fails plausibly to allege defendant called him after the parties agreed to revoke plaintiff's prior consent to receive calls. Plaintiff concedes he consented to receive calls when he applied for an account with defendant. (Pl. Br. at 11).[4] Although plaintiff alleges he repeatedly revoked that consent, under the TCPA, a party cannot "unilaterally" revoke prior express consent to be contacted. See Reyes v. Lincoln Auto. Fin. Servs., 861 F.3d at 56. On March 27, 2017, defendant recognized plaintiff's revocation of consent in a letter. Plaintiff does not allege any contacts by telephone after that date.

For these reasons, plaintiff fails to state a TCPA claim, and plaintiff's TCPA claim is dismissed.

---

[4] The terms of service confirm this prior consent to be contacted by telephone. (Doc. #17-2 at 2 ("WebBank Fingerhut Advantage Credit Account Agreement")). In assessing the motion to dismiss, the Court considers the account agreement referenced by plaintiff in his complaint, attached to defendant's motion to dismiss, and relied on by plaintiff in plaintiff's opposition. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d at 111.

6

III.   Breach of Contract

Having dismissed plaintiff's federal claims, there are no claims remaining over which the Court has original jurisdiction. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). Those claims are dismissed without prejudice.

III.   Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Here, reading the complaint liberally, the Court does not find any allegations that suggest plaintiff has a valid claim he has merely "inadequately or inartfully pleaded" and therefore should be "given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d at 112. On the contrary, the Court finds that repleading would be futile because the problems with plaintiff's complaint are substantive, and supplementary or improved pleading would not cure its deficiencies. See id.

At bottom, plaintiff alleges a contract dispute with defendant stemming from the purchase of a laptop computer. The Court lacks subject matter jurisdiction to hear and evaluate that state law claim, the value of which falls well below this Court's $75,000 jurisdictional threshold.

Accordingly, the Court declines to grant plaintiff leave to amend his complaint.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the pending motion (Doc. #15) and close this case.

Dated: March 4, 2019
       White Plains, NY

                      SO ORDERED:

                      _____
                      Vincent L. Briccetti
                      United States District Judge